Ruffin, Chief Justice.
 

 The counsel for the prisoner, deeming the points taken for him in the Superior Court untenable, has declined arguing them. This renders it unnecessary that the Court should notice them, further than to remark, that in our opinion, the prisoner has no cause to complain of the benignant and favourable manner in which his Honor put to the jury a point of fact in his defence, that was left uncertain upon his own evidence. The counsel has, however, pointed to an omission in the indictment, which he insists, and the Court thinks, is fatal to the sentence passed on the prisoner.
 

 The prosecution is founded pn the statute of 1823,
 
 {Taylor’s Rev.
 
 c. 1229,) which enacts, “ that any person of colo’tir, convicted by due course of law, of an assault, with intent to commit a rape, upon the body of a white female, shall suffer death, without the benefit of clergy.” The crime is thus created a felony; for not only those acts which are made felonies in the express words of a statute, but also all those which are decreed to have or undergo judgment of life and member by any statute, thereby become felonies, whether the word “ felony” be omitted or mentioned. 1 Hale’s P. C. 627. 641. 703. 1 Hawk. B. 1, c. 7, see. 5.
 

 The indietment charges that the prisoner
 
 “
 
 made an assault on, &c., with an attempt to commit a rape on the body of her, the said, &c., and with intent her the said B. W. violently, forcibly, and against her will, then and there feloniously; to ravish and carnally know, contrary
 
 *300
 
 to the form of the statute, &c.” The objection is, that there is no application of the term “feloniously” to the act of assaulting.
 

 The office of the term
 
 felo-nice
 
 is to describe the intent at the instant of doing a criminal act— to apprize the Court of the measure of punishment — and to regulate the form of trial — it has no
 
 syaonyme.
 

 •The office of that term is to describe the offence. It denotes, at the instant of the doing of an act, thé disposition of the accused in doing it; which constitutes the guilty will that renders the person criminal. It is therefore one of the constituents of the offence, and must be precisely alleged. It is necessary for another purpose; which is, distinctly and immediately to apprize the Court of the degree of punishment that may be inflicted, and will be demanded; and thus to regulate the mode of trial. Where, as in the present case, the act charged is a misdemeanor at common law, as well as a felony by statute, unless the indictment expressly denominate it a felony, it cannot be seen on the record, that the prisoner, although guilty of a felony — was accused and tried for the felony. Consequently, judgment as for the felony, ought not to be
 

 Unquestionably, by the law of England, this epithet is to be annexed expressly, or by copulatives, to every act set forth as
 
 a,
 
 constituent of the offence. If it be omitted, the defendant can be convicted only of a trespass or misdemeanor. 2 Hale, 171.184. Hawk. B. 2, c. 26, s. 65. Mr. Chitty remarks, 1 Cr. Law, 242, that “ traitorously,” “ feloniously,” and the like, are terms which mark the colour of the offence with precision, and are absolutely necessary to determine the judgment. Serjeant Hawkins, following Lord Coke, Co. Litt. 391, says that felony
 
 ex vi termini,
 
 signifies
 
 quodlibet crimen felleo animo perpetratum,
 
 and can be expressed by no periphrasis, or word equivalent, without the word
 
 felonice.
 
 Book l,c. 7, sec. 1.
 

 As the term, then, has no synonyme; as it described a peculiar disposition and intent, essential to the existence of crimes of a certain grade; and as it determines the privileges of the accused on his trial, and the degree and consequences of the punishment, it admits of no substitute; and its omission must be fatal to the indictment, as one for felony.
 

 
 *301
 
 Anditis not dis-wlthbythe J811’ 809,)’ régu-latlj£pro' indict-^matter sub- ¿ cannot be ^P™sed
 

 From these observations it results, in our opinion, as ■was intimated in
 
 State
 
 v. Moses, 2 Dev. Rep. 452-465, that
 
 jfelonice
 
 is not dispensed with by the act of 1811,
 
 (Rev. c.
 
 809,) for whatever so materially enters into the constit,ution of the crime, as the intent, and likewise has such important influences on the trial and judgment, must be substance. If it be said, that this indictment charges an assault made “ with intent her, the said B. W
 
 .feloniously
 
 to ravish,” and therefore that it must be a “ felonious assault,” by necessary intendment of law, the answer is, that although that be true, yet the prisoner is not charged
 
 •as for
 
 a felony, and may not have been tried as for a felony ; and therefore, ought not to have judgment for the felony. The very same terms are appropriate to an indictment for a misdemeanor at common law, according to the precedents. Cro. Cir. Com. 61. 3 Chit. Cr. L. 816. 6 Wentw. 394. On the other hand, indictments under the stat. 18 Eliz. c. 7, charge that the accused “ feloniously made'an assault,” as well as that he “ feloniously did carnally know and abuse” a woman child under ten years of age. Cro. Cir. Com. 401.
 

 Nor does the conclusion, “against the form of the statute,” supply this defect. The authorities already quoted say that nothing can. But besides that general doctrine, it is laid down, that the indictment must explicitly state all the circumstances which constitute the definition of the offence in the statute, so as to bring the case wdthin it, independently of the general averment in the conclusion. Fost. 423. 1 Hale, 517-526. If the statute had used the terms “ felonious assault,” it would be clear that the indictment must contain the same language. Now the assault laid must have the same character, since the act makes the assault a felony, by implication from the punishment. It is therefore as essential that it should be charged/eZomce, as it would have been, if the statute had contained that word.
 

 The Court is therefore of opinion, that the judgment of ■death is erroneous, and must be reversed; and as the Superior Court has no jurisdiction of the misdemeanor, when committed by a slave, there can be no judgment
 
 *302
 
 upon this indictment; but it must be arrested; which must be certified accordingly.
 

 Per Curiam. Judgment reversed.