## STATE *vs.* NEEDHAM PURDIE AND NATHAN PURDIE.

It is still necessary, in an indictment for felony, in this State, to charge the act constituting the crime to have been done "feloniously," and that word cannot be supplied by any equivalent.

*State* v. *Jesse*, 2 Dev. & Bat. 297, cited and approved.

Indictment for burning a barn containing grain, tried at Spring Term, 1872, of BLADEN Superior Court, before *Russell, J.*

The indictment charged that the defendants, "on the 23d day of July, A. D., 1871, with force and arms, at and in the county of Bladen aforesaid, *unlawfully and willfully* did set fire to and burn a barn, the property of" &c., "the same at the time of the burning thereof having grain in it" &c.

Verdict of guilty. Motion in arrest of judgment by defendants, because the burning was not charged to have been done *feloniously*. Motion allowed and appeal by the Solicitor.

*Attorney General, Battle & Son.*, and *Dupre* for State.
No counsel for defendants.

BOYDEN, J. There is no error. This case is governed by the case of the *State* v. *Jesse*, 2, Dev. & Bat., 297.

In that case Chief Justice Ruffin says that the office of the term *feloniously* is to describe the offence. It denotes, at the instant of the doing of an act, the disposition of the accused in doing it, which constitutes the guilty will that renders the person criminal. It is therefore one of the constituents of the offence. The Chief Justice further says, "It is necessary for another purpose, which is distinctly and immediately to apprize the Court of the degree of punishment that may be inflicted and demanded, and thus to regulate the mode of trial." And the books of authority lay it down that this word *feloniously* cannot be supplied by any periphrasis or word equivalent. The decision in the case of *Jesse* was since our acts curing formal defects in indictments.

PER CURIAM.　　　　　　　　　　Judgment affirmed.