STATE *v.* ANDREW RUCKER.

The word "feloniously" is absolutely necessary in every indictment charging a felony, and it cannot be dispensed with or its use supplied by any circumlocution.

(*State* v. *Jesse,* 2 Dev. & Bat., 297; *State* v. *Purdie,* 67 N. C. Rep. 25, cited and approved.)

INDICTMENT for murder, tried before *Henry, J.,* at the Fall Term, 1871, of the Superior Court of MADISON county. (The continuance of the case in this Court was owing to a diminution of the record, which was supplied by a *certiorari.*)

The prisoner was charged in the bill of indictment, containing one count, with the murder of one Miza Wilson. The charge as made was, that the prisoner, with a certain rock, a deadly weapon, "*wilfully, deliberately and of his malice aforethought, in and upon the head of her, the said,*" &c., with a repetition of the same words in a subsequent part of the indictment, charging the murder.

The objection to the validity of the indictment is set out in the opinion of the Court; and as that was the material point made here, a statement of the evidence and of the exceptions taken by the prisoner's counsel upon the trial below, becomes unnecessary.

The jury returned a verdict of guilty. Motion for a *venire de novo;* motion refused. Judgment and sentence of death. Prisoner appealed.

*Jones & Jones,* for the prisoner.
*Attorney General Hargrove,* for the State.

SETTLE, J.  The record discloses a murder shocking in its details, and the confessions of the prisoner, together with the corroborating evidence, fully warranted the jury in finding him guilty.  But the bill of indictment is not only informal in many respects, but fatally defective.

Neither the word feloniously nor the word felony is to be found in the bill of indictment from the beginning to the end, and it is common learning, too plain to need citation of authority for its support, that the word feloniously is absolutely necessary in every indictment charging a felony, and it cannot be dispensed with or its use supplied by any circumlocution.

It is as necessary in an indictment charging a felony as the word heirs is in a deed conveying a fee simple.  *State* v. *Purdie,* 67 N. C. Rep. 25 ; *State* v. *Jesse,* 2 Dev. & Bat. 297.

It follows that the judgment must be arrested, and that the prisoner upon this indictment is entitled to go without day.  But as his life, in consequence of this fatally defective bill, has never been in jeopardy, there is nothing to prevent another bill being sent and a further prosecution for the murder.

Let this be certified.

PER CURIAM.                    Judgment accordingly.