STATE v. JOHN R. MARTIN.

*Assault.*

Defendant being about twenty steps distant, advanced towards prosecutor with knife and stick, cursing and threatening to do him bodily harm, in consequence of which the prosecutor went into a store and re-

mained until a warrant was obtained, the defendant walking in front of the store saying he would whip prosecutor if he came out ; *Held* an assault.

(*State* v. *Shipman*, 81 N. C., 513 ; *State* v. *Rawles*, 65 N. C., 334 ; *State* v. *Hampton*, 63 N. C., 13 ; *State* v. *Church*, *Ib.* 15 ; cited and approved.)

INDICTMENT for an assault with a deadly weapon, tried at Fall Term, 1881, of BURKE Superior Court, before *Seymour, J.*

The state introduced one W. E. Powe as a witness, who testified that as he was on a sidewalk of a street in the town of Morganton (near the store of one Brittain) the defendant, who was on the other side of the street some twenty steps distant, commenced cursing him, and told him he intended to cut his throat and kill him. At the same time the defendant advanced towards him, uttering these threats with an open knife in one hand and a stick in the other. That in consequence of these threats, and of the approach towards him of the defendant, he, the witness, went into Brittain's store and remained there two or three hours, during which time the defendant walked to and fro in front of the store cursing him and threatening to whip him if he came out, and that he remained in front of the store until a warrant was obtained against him. On cross-examination witness said defendant had also a greenback in his hand.

The defendant in his own behalf testified that he crossed the street, not with the intention of attacking Powe, but to deliver to an officer who was with Powe, five dollars to pay him for laying off a homestead in an execution he held against Powe, and he stated that he had a barlow knife in one hand, and a piece of a broom stick in the other, and also a five dollar bill in one hand, and admitted that he had previously told a man that if Powe took the "homestead" he would whip him.

The defendant's counsel asked the court to charge the jury that the facts testified to by Powe did not constitute an

assault. This the court declined to do, and charged the jury that if the defendant crossed the street with an open barlow knife and threatened to whip and kill Powe, and while he was advancing upon him, although he did not get within striking distance, and through fear of violence caused by the conduct of defendant, Powe retired for safety into the store, the defendant was guilty of an assault with a deadly weapon.

There was no question made by the counsel for the defendant as to the barlow knife, whether it was a deadly weapon. The court charged that it was.

The jury found a verdict of "guilty," and the defendant was sentenced to pay a fine of fifty dollars. From this judgment the defendant appealed, assigning as ground therefor the charge of the judge and the amount of the fine.

*Attorney General,* for the State.
No counsel for defendant.

ASHE, J. The principle governing this case has been decided by several adjudications on the subject by this court. The principle is, that no man by the show of violence has the right to put another in fear and thereby force him to leave a place where he has the right to be. In the case of *State* v. *Shipman,* 81 N. C., 513, the defendant after using threatening language with reference to the prosecutor and in his hearing, advanced upon him with a knife, continuing the use of violent and menacing expressions. The evidence left it doubtful as to whether or not the knife was open, and when the defendant got within five or six feet of the prosecutor, the latter said, "I shall have to go away," and withdrew from the work upon which he was engaged. It was held that the defendant was properly convicted of an assault. And in *State* v. *Rawles,* 65 N. C., 334, it has been decided that if a person be at a place where he has a right to

be, and four other persons with a pitchfork, gun, &c., by following him, and using threatening and insulting language put him in fear, and induced him to go home sooner than, or in a different way from the one he would otherwise have gone, the four are guilty of an assault, although they do not get nearer than seventy-five yards, and do not take the weapons from their shoulders. See also *State* v. *Hampton*, 63 N. C., 13; *State* v. *Church*, 63 N. C., 15.

There is no error. Let this be certified to the superior court of Burke county, that further proceedings be had according to this opinion and the law.

No error. Affirmed.