THE STATE v. S. J. SKIDMORE.

*Indictment—Felony—Quashing.*

An indictment for obtaining goods by false pretence which does not charge the offence to have been feloniously done, is defective, as the Act of 1891, ch. 205, makes all offences punishable with death or imprisonment in the penitentiary felonies; but the bill should not be quashed, the defendant should be held until a new bill is obtained.

This was an INDICTMENT, tried before *Graves, J.,* at Fall Term, 1891, of LINCOLN Superior Court.

The following is a copy of the bill of indictment:

" The jurors for the State upon their oaths present that S. J. Skidmore, late of Lincoln County, on the 1st day of April, A. D., 1891, with force and arms at and in said county, devising and intending to cheat and defraud one D. F. Abernethy of his goods, moneys, chattels and property, unlawfully, knowingly, designedly did then and there falsely pretend to the said D. F. Abernethy, that there was nothing wrong with a certain mule then and there belonging to the said S. J. Skidmore, that the said S. J. Skidmore or anyone else knew of; whereas in truth and fact, as the said S. J. Skidmore then and there well knew, the said mule was deaf and of poor wind, which said pretence was false and the said S. J. Skidmore well knew it to be false; that by color and by means of the said false pretence, the said S. J. Skidmore did then and there unlawfully, knowingly and designedly obtain from the said D. F. Abernethy one mule of the value of fifty dollars ($50) and ten dollars in money of the goods and chattels of the said D. F. Abernethy, with the intent then and there to cheat and defraud the said D. F. Abernethy to the great damage of the said D. F.Abernethy, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The bill of indictment was quashed upon the defendant's motion, and the State appealed.

*The Attorney General,* for the State.
No counsel for defendant.

CLARK, J.: The indictment is sufficient in form under the ruling in *State* v. *Burke,* 108 N. C., 750, and *State* v. *Dixon,* 101 N. C., 741, and cases therein cited.

We apprehend, however, though the ground is not stated, that the learned Judge allowed the motion to quash because the Act of 1891 (ch. 205) makes all offences which are punishable by death or imprisonment in the penitentiary, felonies, and the word " feloniously" is not used. *State* v. *Purdie*, 67 N. C., 25. The bill was defective in that particular, but it was error to quash it when an offence of this magnitude was charged. The Court should have held the prisoner, and given the Solicitor permission to send another bill curing the technical and verbal defect. In *State* v. *Colbert*, 75 N. C., 368, READE, J., says: that the Courts do not favor quashing indictments, and that indictments for treason, felony and the higher misdemeanors will not be quashed except where it appears that the Court has not jurisdiction, or the matter charged is not indictable in any form. The reason is that to quash in such cases would release recognizances and cause delays, and that it would be trifling with public justice to quash for verbal defects in grave cases in which the public have an interest, when the irregularity or deficiency could be cured in a few moments and without postponing the trial to another term, by sending the witnesses before the grand jury with a more accurately drawn bill. Accordingly, in that case, while the Court held the indictment insufficient, it also held that it was error in the Court below to quash, and sent the case back with directions that the Solicitor should send a more perfect bill. This was approved by ASHE, J., in *State* v. *Knight*, 84 N. C., 789, in which case, though the Court on appeal arrested the judgment for a defect in the indictment, it held that the Court below properly refused to quash the bill. Both cases have been cited and approved in *State* v. *Flowers*, at this term, and are supported by the highest authority elsewhere, as cited in that case.

Error.