STATE. v. R. A. CALDWELL.

*Indictment for False Pretense—Felony—Omission of Word
'Feloniously' —Arrest of Judgment—Motion to Quash.*

1. The offense of obtaining goods under false pretenses being punishable by imprisonment in the penitentiary is a *felony* under the classification by chapter 205, Acts of 1891, and a bill of indictment charging such offense and which omits the word "feloniously" is defective, and judgment will be arrested on a verdict of guilty.

2. The motion for arrest of judgment on the ground of the insufficiency of the bill of indictment may be taken in this Court for the first time.

3. A bill of indictment for a felony though defective should not be quashed, but the prisoner should be held until the Solicitor can send a new bill curing the defect.

The defendant was tried and convicted at Fall Term, 1892, of NORTHAMPTON Superior Court, before *Shuford, J.,* and a jury.

The indictment charged that "the defendant, unlawfully and knowingly devising and intending to cheat and defraud Willis Mitchell of his goods, moneys, etc., did unlawfully, knowingly and designedly, falsely pretend to said Mitchell that he, the said R. A. Caldwell, was an agent of the United States Government, and was agent for certain parties in Oklahoma Territory for the sale of lands and town lots in the town of Langston in the Territory of Oklahoma, and

by means thereof, etc., unlawfully, knowingly and designedly obtained from said Mitchell the sum of eighty-six dollars in money, with the intent," etc.

Before the impaneling of the jury the defendant moved the Court to quash the bill of indictment for that it failed to allege the parties other than the United States Government for whom the defendant represented himself as agent, and for the further reasons that the false pretense alleged was not calculated to deceive, and that the allegations in the bill of indictment were too indefinite. The motion was refused, and defendant excepted. After verdict there was a motion in arrest of judgment, which was refused, but the case on appeal does not show that such refusal was excepted to. Motion for new trial refused, and from the judgment directing defendant to be imprisoned in State Penitentiary for five years he appealed.

*The Attorney General,* for the State.
*Mr. Thomas W. Mason,* for defendant (appellant).

CLARK, J.: The offense charged is obtaining goods under false pretenses, which may be punished by imprisonment in the penitentiary. *The Code,* §§1025, 1026. Since the enactment of chapter 205, Acts 1891, defining the line between felonies and misdemeanors, all offenses which may be punished by death or imprisonment in the penitentiary are felonies. The bill is defective as a charge for false pretense, as it omits the word "feloniously," and judgment must be arrested. *State* v. *Skidmore,* 109 N. C., 795; *State* v. *Purdie,* 67 N. C., 25. There is no exception stated for the refusal to grant the motion in arrest of judgment, but that is a motion which may be taken here for the first time. Rule 27 of the Supreme Court. There is an exception to the refusal to quash, but that motion was properly refused.

*State* v. *Flowers,* 109 N. C., 841. The Judge should have held the prisoner and have given the Solicitor opportunity to send a new bill curing the defect. This should not have caused a postponement of the trial to the next term. *State* v. *Skidmore, supra.*              Judgment Arrested.