STATE v. JAMES SHAW.

*Indictment for Perjury—Indictment, Sufficiency of.*

An indictment for perjury which omits the word "feloniously" as characterizing the charge is fatally defective under Ch. 205, Acts of 1891, which makes all criminal offences, punishable by death or imprisonment in the State penitentiary, felonies.

INDICTMENT for perjury, tried before *Robinson, J.*, and a jury, at July Term, 1895, of COLUMBUS Superior Court. The defendant was convicted and moved in arrest of judgment because the bill did not charge the offence to have

been feloniously committed.   The indictment was as fol-
lows : "The jurors for the State upon their oaths present
that James  Shaw, of Columbus county, did unlawfully
commit perjury upon the trial of an action in justice's
court before A. F. Toon, a justice of the peace in Colum-
bus county and Whiteville township, wherein the State of
North Carolina was plaintiff,. and· James Shaw and John
Field and others were defendants, by falsely asserting on
oath that he was not present at, and did not attempt to
assist, and did not assist in, an attempt to rescue B. L.
Jones from the jail of Columbus county, on or about the
3rd day of June, 1894, for which offence the said defend-
ant stood then charged, knowing the said statement or
statements to be false, or being ignorant whether or not
said  statements were true ; contrary  to the form of the
statute," etc.

The motion in arrest of judgment was sustained and the
State appealed.

*The Attorney General*, for the State.
*Messrs. Lewis & Burkhead*, for defendant.

AVERY, J. :   Since all criminal offences punishable with
death or imprisonment in a  State  prison were by statute
(Laws 1891, Ch. 205) declared felonies, indictments wherein
there has been a failure to use the word "feloniously" as
characterizing the charge in the latter class of cases,  have
been declared fatally defective.   *State* v. *Wilson*, 116 N.
C., 979 ; *State* v. *Skidmore*, 109 N. C., 795.

Whatever force there might be in the suggestion of the
Attorney General that Section 1189 of *The Code* renders
it unnecessary to embody in the charge what it is not mate-
rial to prove, if it had been made before the latter  statute

had been so often construed, it is now our duty to adhere to our decisions.

There was no error in sustaining the motion in arrest and the judgment of the court below is affirmed.

Affirmed.