### STATE v. THOMAS BRINKLEY, JR.

(Filed 5 May, 1926.)

**Criminal Law—Indictment—"Feloniously"—Motions — Arrest of Judgment—Appeal and Error.**

Where a statute makes its violation a felony, it is necessary for a conviction thereunder that the indictment use the word "feloniously" as a part of the description of the offense, and where it appears on appeal that this has not been done, the Supreme Court will grant an arrest of judgment upon motion therein made for the first time, for an arrest of judgment.

APPEAL by defendant from *Bryson, J.,* at January Term, 1926, of CABARRUS. Judgment arrested.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Armfield, Sherrin & Barnhardt for defendant.*

PER CURIAM. This is a criminal action. The defendant was indicted under C. S., 4339, which is as follows: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State prison not exceeding the term of five years: *Provided,* the unsupported testimony of the woman shall not be sufficient to convict: *Provided further,* that marriage between the parties shall be a bar to further prosecution hereunder. But when such marriage is relied upon by the defendant, it shall operate as to the costs of the case as a plea of *nolo contendere,*

and the defendant shall be required to pay all the costs of the action or be liable to imprisonment for nonpayment of the same."

The bill of indictment upon which defendant was tried is as follows: "The jurors for the State upon their oath present, that Thomas Brinkley, Jr., late of the county of Cabarrus and State of North Carolina aforesaid, on 1 July, A. D. 1924, with force and arms at and in the county and State aforesaid, by and under a promise to marry one Jettie Shafer made by him the said Thomas Brinkley, Jr., the said Jetttie Shafer then and there being an innocent and virtuous woman; her the said Jettie Shafer then and there did wilfully and unlawfully seduce, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

The statute makes the crime a felony. It has been settled 'from time immemorial that the word "feloniously" must appear in the bill of indictment as descriptive of the offense. The Legislature has made no act to the contrary.

In *S. v. Holder,* 153 N. C., p. 608, *Clark, C. J.,* said: "Indictments for felony must contain the word 'feloniously.' *S. v. Shaw,* 117 N. C., 764; *S. v. Purdie,* 67 N. C., 26, not that it is of any aid or benefit to a defendant, but because it is of long usage, coming down from a remote past, when there was a reason for its use which has long ago ceased." *S. v. Harris,* 145 N. C., p. 457.

In this Court defendant moved in arrest of judgment because the bill did not contain the word "feloniously." The motion is allowed. *S. v. Ballangee, ante,* 700. This will not preclude the Solicitor from sending a new bill with the proper averment. The judgment is

Arrested.