## STATE v. JOHN CALLETT.

(Filed 28 April, 1937.)

**1. Buggery § 2—**

In this prosecution for buggery under C. S., 4336, the evidence of defendant's guilt *is held* insufficient to be submitted to the jury.

**2. Indictment § 7—**

A crime punishable by death or imprisonment in the State's Prison is a felony, C. S., 4171, and an indictment therefor must use the word "feloniously" or it is fatally defective, and should be quashed or judgment arrested on motion of defendant.

APPEAL by defendant from *Rousseau, J.,* and a jury, at January Regular Term, 1937, of MECKLENBURG. Reversed.

The defendant was tried on the following bill of indictment: "The jurors for the State upon their oath present, that: John Callett, late of the county of Mecklenburg, on 16 December, 1936, with force and arms, at and in the county aforesaid, did unlawfully and willfully commit the abominable and detestable crime against nature, against the form of the statute and in such case made and provided against the peace and dignity of the State.   ...... ................, Solicitor."

The defendant entered a plea of not guilty. The verdict of the jury was as follows: "The jury, after having been duly sworn and impaneled, returned for their verdict, finds the defendant guilty, with recommendation for mercy." Upon the verdict the court below pronounced judgment.

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*A. A. Tarlton for defendant.*

CLARKSON, J. At the close of the State's evidence and at the close of all the evidence the defendant in the court below made motions to dismiss the action, or for judgment of nonsuit. C. S., 4643. The court below overruled these motions, and in this we think there was error.

(1) The defendant was indicted for buggery, under C. S., 4336. After a careful review of the evidence, we do not think it sufficient to have been submitted to the jury. *S. v. Goodson,* 107 N. C., 798; *S. v. Montague,* 195 N. C., 20; *S. v. Carter,* 204 N. C., 304. Under the buggery statute, C. S., 4336, *supra,* the crime is punishable as follows: "He shall be imprisoned in the State's Prison not less than 5 nor more than 50 years."

(2) C. S., 4171, is as follows: "A felony is a crime which is or may be punishable by either death or imprisonment in the State's Prison. Any other crime is a misdemeanor."

Since all criminal offenses punishable with death or imprisonment in a State prison were by this section declared felonies, indictments wherein there has been a failure to use the word "feloniously," as characterizing the charge in the latter class of cases, have been declared fatally defective. *S. v. Jesse,* 19 N. C., 297; *S. v. Roper,* 88 N. C., 656; *S. v. Skidmore,* 109 N. C., 795; *S. v. Bryan,* 112 N. C., 848; *S. v. Caldwell,* 112 N. C., 854; *S. v. Wilson,* 116 N. C., 979; *S. v. Shaw,* 117 N. C., 764; *S. v. Holder,* 153 N. C., 606; *S. v. Goffney,* 157 N. C., 624; *S. v. Brinkley,* 191 N. C., 702. But this principle does not hold good where the Legislature otherwise expressly provides.

The indictment is fatally defective in not alleging "feloniously." As to the sufficiency of the bill in other respects, see *S. v. Ballangee,* 191 N. C., 700. In the record is the following: "The defendant was called upon to plead to the bill of indictment before plea and before a jury was impaneled moved the court to quash the bill of indictment for defects appearing on the face thereof, for that said indictment does not have sufficiently alleged law and facts as required by law. Motion overruled and defendant excepted and assigned error."

The indictment should have been quashed, C. S., 4623, but the prisoner held for a proper bill. *S. v. Skidmore, supra.* A motion could have been made by defendant in arrest of judgment. *S. v. Efird,* 186 N. C., 482.

The latter aspect of the opinion, under (2), is not material, as there was no sufficient evidence to have been submitted to the jury on the charge in the bill of indictment. We have written the well settled law so that it can be followed in bills of indictment.

For the reasons given, the judgment of the court below is

Reversed.