THE GENERAL TIRE AND RUBBER COMPANY v. DISTRIBUTORS, INC.,
AND FRANK R. CARSON, TRUSTEE.

(Filed 21 March, 1962.)

**1. Appeal and Error § 40—**

> A new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial and harmful.

**2. Appeal and Error § 39—**

The burden is upon appellants to show error amounting to a denial of some substantial right.

**3. Trial § 33—**

Where the charge contains a summary of the material aspects of the evidence sufficient to bring into focus the controlling legal principles, and applies the law to the facts upon every substantial feature of the cause, the charge is sufficient, the court not being required to recapitulate the evidence witness by witness, nor to instruct on subordinate features of the case in the absence of proper request therefor. G.S. 1-180.

**4. Appeal and Error § 42—**

An exception to the failure of the court to charge as to admissions in the pleadings and evidence, a request for such instructions having been withdrawn, cannot be sustained when the record fails to disclose specifically the admissions referred to, there being no prayer for special instructions in accordance with legal requirements.

**5. Trial § 40—**

The issues are sufficient when they present all material controversies arising on the pleadings and are sufficient to support the judgment.

**6. Trial § 34—**

When the court correctly places the burden of proof and states the proper intensity of the proof required, the court is not required to define the terms "greater weight" or "preponderance of the evidence" in the absence of prayer for special instructions.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Pless, J.,* October 23, 1961 Civil "A" Term of MECKLENBURG.

This is a civil action instituted 24 March 1958.

Plaintiff sued for possession of merchandise, consisting of vinyl flooring and other floor covering products, which it had previously consigned to corporate defendant and which was stored in corporate defendant's warehouses subject to disposition in accordance with a "warehouse agreement" between the parties. Ancillary proceedings in Claim and Delivery were issued, the products were seized by the sheriff, and, upon failure of corporate defendant to give bond, they were delivered to plaintiff. Plaintiff alleges that it is the owner and entitled to the immediate possession of the merchandise and that corporate defendant wrongfully detains it. Defendants deny the allegations of the complaint and counterclaim for damages for breach of the contract under which corporate defendant was distributor of plaintiff's line of floor covering products in North and South Carolina.

Issues were submitted to and answered by the jury as follows:

"1. At the time the personal property was taken from the defendant's warehouse in March, 1958, was the plaintiff lawfully entitled to its possession, and did the defendants wrongfully detain said personal property, as alleged in the Complaint? Answer: Yes.

"2. Did the plaintiff wrongfully breach its contract with the defendants, as alleged in the Counterclaim? Answer: No.

"3. What amount is defendant entitled to recover of the plaintiff? Answer: _____."

Judgment was entered decreeing that plaintiff is entitled to retain the merchandise and defendants recover nothing on account of their counterclaim.

Defendants appeal.

*Orr & Osborne for plaintiff.*
*Ralph C. Clontz, Jr., for defendants.*

PER CURIAM. At the Fall Term 1959 this case was before this Court on questions relating to pleadings. *Rubber Co. v. Distributors, Inc.*, 251 N.C. 406, 111 S.E. 2d 614. At the Fall Term 1960 it was here again, on matters relating to the merits of the case. *Rubber Co. v. Distributors, Inc.*, 253 N.C. 459, 117 S.E. 2d 479. The pleadings and facts essential to an understanding of the case are set out in the former opinions. The only material change since the last opinion is in an amendment to the answer. It was alleged in the original answer that the distributorship contract was to continue for "an indefinite period of time . . . so long as defendant made reasonable efforts to promote said products. . . ." After the opinion at the Fall Term 1960 the superior court permitted corporate defendant to amend so as to allege that the distributorship contract was "for a period of at least seven years, and so long after said seven-year period that the defendant make reasonable efforts to promote said products of plaintiff."

Thereafter, on motion of plaintiff, Frank R. Carson, Trustee in an assignment by corporate defendant for benefit of creditors, was made a party defendant. Parties to this appeal stipulate: ". . . (T)hat the parties were properly before the court, and that the court had jurisdiction over all of the parties and the subject matter of this action."

Defendants make forty-one assignments of error based on seventy-two exceptions. It is manifest that defendants have thoroughly reviewed the record and set out in their assignments a complete catalog of omissions, irregularities and possible errors in the trial. The trial lasted seven days and the record contains 471 pages, exclusive of the assignments of error. Perfection in detail in such an extended trial is

impossible. It is inevitable that slight omissions and error in detail and emphasis in stating the evidence, giving the contentions of the parties and instructing on subordinate features will appear in the court's charge at a lengthy trial. "A new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial and harmful." Strong: N. C. Index, Appeal and Error, s. 40, p. 118; *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222. The burden is upon appellants to show error amounting to a denial of some substantial right. *In re Gamble*, 244 N.C. 149, 93 S.E. 2d 66. The court is not required to recapitulate the evidence, witness by witness. Nor is it required to instruct on subordinate features of the case without a proper request therefor. A summary of the material aspects of the evidence sufficient to bring into focus controlling legal principles is all that is required with respect to stating the evidence. A careful examination of the charge in the case at bar leads us to the conclusion that the trial judge applied the law to the facts in substantial compliance with the requirements of G.S. 1-180. When called to his attention he corrected a factual misstatement. Defendants requested the judge to charge as to admissions in the pleadings and evidence in accordance with its trial brief. It then withdrew its request and asked the judge to "just preserve my Record indication." The record does not disclose specifically the admissions which defendants then requested be given to the jury. There were no prayers for instructions in accordance with legal requirements, so far as the record discloses.

The issues submitted to the jury were sufficient to settle the material controversies arising on the pleadings and to support the judgment. *Mitchell v. White*, ante, 437; *Rudd v. Stewart*, 255 N.C. 90, 120 S.E. 2d 601; *Coulbourn v. Armstrong*, 243 N.C. 663, 91 S.E. 2d 912. The first issue makes two inquiries, (1) whether plaintiff is entitled to possession of the merchandise, and (2) whether defendant wrongfully detained it. The charge clearly explains both phases of the issue, and clearly instructs the jury that plaintiff had the burden of proving the affirmative of both propositions before being entitled to a favorable or affirmative answer to the issue. We find no error in the form of the issue or the court's instructions with respect thereto.

The court correctly placed the burden of proof on the first issue on plaintiff, and of the second and third issues on defendants. It correctly stated that the quality of proof required is "by the greater weight of the evidence." It did not define "greater weight of the evidence." "When the court correctly places the burden of proof and states the proper intensity of the proof required, the court is not required to define the terms 'greater weight' or 'preponderance of the evidence' in

the absence of prayer for special instructions." 4 Strong: N. C. Index, Trial, § 34, p. 338, and cases there cited.

In the trial below, we find.

No error.

Sharp, J., took no part in the consideration or decision of this case.