### EDITH HILL v. AUSTIN LOGAN.

(Filed 23 September, 1964.)

**1. Pleadings § 29—**

Where defendant alleges in his answer and testifies at the trial that at the time of the collision he was operating one of the automobiles involved therein, he may not contend that his motion for nonsuit should have been allowed because plaintiff failed to identify him as the driver of the car.

**2. Appeal and Error § 24—**

Assignments of error to the charge which do not specifically set out the particular portions of the charge objected to and which do not present the errors relied upon without the necessity of going beyond the assignments themselves, are ineffectual.

HILL *v.* LOGAN.

APPEAL by defendant from *McLean, J.,* April 1964 Session of RUTH-ERFORD.

*Hamrick & Hamrick for plaintiff.*
*Horace Kennedy for defendant.*

PER CURIAM. This is an action for damages for personal injuries suffered by plaintiff when the automobile in which she was riding with her husband collided with an automobile owned and operated by defendant. The collision occurred about "dusky dark" on 11 December 1962 at or near the intersection of Coxe Road and Watson Road in Polk County. There was a sign on Watson Road, a "dirt road," requiring traffic to stop before entering Coxe Road, a paved road.

There is evidence in the record to the effect that the car in which plaintiff was riding was proceeding westwardly on Coxe Road and was approaching the intersection at a speed of 45 miles per hour, and that defendant was travelling northwardly on Watson Road and came to the intersection at a "pretty fast" speed, failed to stop,. crossed into the lane in which the Hill car was travelling and thereby caused the collision.

Defendant contends that the evidence fails to identify him as the operator of his car, and that, for this reason, his motion for involuntary nonsuit should have been allowed. The contention is untenable. Defendant alleged in his answer and testified at the trial that he was operating the automobile which collided with the car in which plaintiff was riding. The motion for nonsuit was properly overruled.

Defendant's other assignments of error do not comply with the requirements of Rule 19(3) of the Rules of Practice in the Supreme Court, 254 N.C. 797. These assignments relate to the charge and are insufficient in that they do not present the errors relied upon without the necessity of going beyond the assignments themselves to learn what the questions are, and the particular portions of the charge objected to are not specifically set out. *Darden v. Bone,* 254 N.C. 599, 601, 119 S.E. 2d 634.

No error.