DUKE POWER COMPANY, Petitioner v. CHARLES C. BLACK, and Wife, ALTA MAE BLACK; W. O. McGIBONY, Trustee for Federal Land Bank of Columbia; FEDERAL LAND BANK OF COLUMBIA; W. J. ALLRAN, Trustee for Cherryville Production Credit Association; and CHERRYVILLE PRODUCTION CREDIT ASSOCIATION, Respondents.

(Filed 3 March, 1965.)

**Trial § 35—**

    In proceedings to assess compensation for land taken by condemnation, an instruction of the court to the effect that the owner's contention was correct that the land remaining after the taking was damaged by the use to which condemnor intended to put the land taken, *held* prejudicial, since the expression of opinion related directly to a material and controverted question for the jury's determination.

    Higgins, J., dissenting.

APPEAL by petitioner from *Campbell, J.,* September 1964 Civil Session of LINCOLN.

Condemnation proceeding in accordance with procedure prescribed in G.S. 40-11 *et seq.* in which Duke Power Company, petitioner, seeks to acquire for its use in the transmission of electric power an easement and defined rights with reference thereto over 7.2 acres, being a triangular area along the east portion of a tract of 55⅜ acres in Catawba Springs Township, Lincoln County, N. C., owned by respondents Black.

Other respondents are parties to deeds of trust constituting liens on said 55⅜-acre tract.

Commissioners appointed by the clerk assessed respondents' damages at $8,500.00. The clerk confirmed this award of the commissioners and entered judgment in accordance therewith. Petitioner excepted and appealed.

Upon trial in the superior court, one issue was submitted, *viz.:* "What amount are the respondents entitled to recover by reason of the taking of the easement across their property by the petitioner?" The jury answered, "$12,500." Judgment in accordance with said verdict was entered. Petitioner excepted and appealed.

*Wm. I. Ward, Jr. and C. E. Leatherman for petitioner appellant.*
*Clayton & London for respondent appellees Black.*

BOBBITT, J. In charging the jury, the court, after defining the easement over said 7.2 acres and all rights with reference thereto to be acquired by petitioner, gave instructions as to the rules applicable in determining the amount respondents were entitled to recover as compensation therefor. No exception was taken to these instructions.

The court then instructed the jury as follows:

"(A) So the items going to make up the difference embraces compensation for the part that has been taken, compensation to his remaining land. He says, *and the Court instructs you that that is correct,* that while he has some 48 acres of land left, it is not as good as it was before because he is going to have right alongside of it, this power line and the power line is unsightly; it's not a pretty thing to look at and the trees that were growing there before could have been pretty to look at and it's not going to be as pretty any more. (B) So he says what he has left has been hurt by having these rights taken along that strip and the Court instructs you that your duty is to give him full and adequate and complete compensation and take into account everything that affects the value of what he has left as well as what was taken. So that is the duty of the jury." (Our italics.)

Immediately thereafter, the court gave full instructions as to what is meant by "fair market value." Later, the court reviewed various contentions of petitioner and of respondents.

Petitioner excepted to and assigns as error the portion of the quoted excerpt from the charge between (A) and (B).

Assuming, as we must, the verity of the agreed case on appeal, the reasonable interpretation of the challenged instruction is that the court endorsed as correct what respondents said (contended) with reference to the adverse effect the petitioner's power line on the 7.2 acres had

upon the fair market value of the remaining 48 acres, more or less, of said 55⅜-acre tract. The statement, "and the Court instructs you that that is correct," while an inadvertence, violates the portion of G.S. 1-180 providing that "(n)o judge, in giving a charge to the petit jury, . . . shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury . . ." Reference is made to *S. v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173, for a full discussion and citation of authority. A presiding judge is not permitted "to invade the prerogative of the jury in its right to find the facts." *In re Will of Holcomb,* 244 N.C. 391, 93 S.E. 2d 454.

Of course, we cannot determine with certainty the adverse effect, if any, the indicated error in the charge had or may have had on the verdict. However, the sole question for jury determination was *the amount* of compensation respondents were entitled to recover; and the indicated error in the charge related directly to one of the most material and controverted questions to be resolved in making such determination. In the circumstances, we are of opinion, and so hold, that the indicated error in the charge must be considered prejudicial to petitioner. On account thereof, petitioner is entitled to a new trial.

In view of the conclusion reached, discussion of questions raised by petitioner's other assignments of error is unnecessary.

New trial.

HIGGINS, J., dissenting: I am unable to agree that prejudicial error appears in the record before us. Judge Campbell's instruction which this Court underscores as error is a statement of the landowner's contention that a power line over his land is not as sightly as the growing trees which were removed for its erection, and that the Court agrees with the contention. Then follows the instruction that the jury will award compensation by taking into account everything which affects the value of that which was left as well as the value of that which was taken, and base the award thereon.

Assuming the jury got the impression that Judge Campbell agreed with the landowner that a growing tree is more pleasing in appearance than a power pole, I doubt that this microscopic error was enough to cost either party the amount of postage required to bring the record here for review.

To be prejudicial, an error must amount to a denial of some substantial right, and a probability that another trial would produce a result more favorable to the appellant. *Rubber Co. v. Distributors,* 256 N.C. 561, 124 S.E. 2d 508; *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844;

*Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222. The appellant's showing, I think, is insufficient to warrant the return of this case to the Superior Court for another trial.