STATE OF NORTH CAROLINA v. FLOYD NELSON PRICE.

(Filed 24 November, 1965.)

**1. Indictment and Warrant § 9 —**

   An indictment which does not incorporate the word "feloniously" or charge that the offense is a felony cannot support a conviction of an offense greater than a misdemeanor.

**2. Assault § 11—**

   An indictment charging that defendant assaulted a named person with intent to kill and did inflict serious and permanent bodily injuries not resulting in death by setting his victim afire, is sufficient to charge an assault where serious injury was inflicted.

**3. Criminal Law § 78—**

   The fact that subsequent to the assault the defendant marries the prosecuting witness does not render her an incompetent witness against him at the trial. G.S. 8-57.

**4. Criminal Law § 147—**

   The duty of defendant's counsel to have proper record made up for appeal, including a true copy of the bill of indictment showing return by the grand jury, applies under the Rules of the Court equally to counsel appointed for indigent defendants.

APPEAL by defendant from *Burgwyn, E.J.,* April 12, 1965 Criminal Session of JOHNSTON.

Defendant was tried upon a bill of indictment which charged that on June 27, 1964, he "did unlawfully and willfully assault one Mavis O'Neal Cole with intent to kill said Mavis O'Neal Cole and did inflict serious and permanent bodily injuries not resulting in death by setting fire to Mavis O'Neal Cole with burning paper bags he had set afire after he had tied the hands and feet of Mavis O'Neal Cole against the form of the statute in such case made and provided and against the peace and dignity of the State."

The State's evidence tends to show: On June 27, 1964, Mavis O'Neal Cole and defendant were not married; they had been going together for three years, and she had spent many nights with him. On the Saturday night in question Mavis "was sitting at a little

'honky tonk' joint in a pickup truck with James Pulley." When defendant found her, he pulled her out of the truck and took her to his home. He told her he was going to burn her to death. Both had been drinking beer all night, and defendant was "pretty drunk." About midnight he tied her wrists and feet together, threw some brown paper bags on the bed, set them and the bed on fire, and pushed her down into the flames. Her hands, arms, and breasts were severely burned. The mattress and bed clothing were also badly burned, but the two lay on the bed the rest of the night. The next day her sister took her to the doctor. She remained in the hospital five weeks, and skin grafting was required. On January 10, 1965, defendant married Mavis who, upon the trial, testified that she gave evidence against defendant because the solicitor said she had to testify. The jury's verdict was "guilty as charged." From a judgment that defendant be imprisoned for a period of two years, defendant appeals.

*T. W. Bruton, Attorney General; Harrison Lewis, Deputy Attorney General; and William F. Briley, Trial Attorney for the State. Knox Jenkins, Jr., for defendant appellant.*

PER CURIAM. The bill of indictment in this case indicates that the solicitor set out to charge defendant with the crime of felonious assault as defined in G.S. 14-32, yet he failed to incorporate in it the word *feloniously.* Therefore, as we have repeatedly held, the indictment does not charge a felony. *State v. Lawrence,* 264 N.C. 220, 141 S.E. 2d 264; *State v. Whaley,* 262 N.C. 536, 138 S.E. 2d 138. It does, however, specifically charge an assault wherein serious injury was inflicted. Although it would seem to come within the definition, *State v. Cauley,* 244 N.C. 701, 94 S.E. 2d 915, it is not necessary to decide whether a burning paper bag, under the circumstances of its use here, constituted a deadly weapon. See also *Commonwealth v. Farrell,* 322 Mass. 606, 78 N.E. 2d 697.

The jury having convicted defendant of a misdemeanor "as charged," and the court having sentenced defendant accordingly, no error appears upon the face of the record. The evidence was plenary to overcome defendant's motion for nonsuit, and his contention that Mavis O'Neal Cole was an incompetent witness because he had married her before the trial is without merit. G.S. 8-57. Defendant's other assignments of error do not require discussion. They point out no error in the court's instructions to the jury. *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736. We have, however, carefully examined the entire charge, and we find no reasonable. cause to believe that the

jury was misled by it. Nothing in the transcript shows error preju-
dicial to the defendant — on the contrary!

We are constrained to say that the record in this case, as stipulated
and agreed to by the solicitor and the attorney for defendant, and
certified by the clerk, did not contain a true copy of the bill of in-
dictment, nor did it show that the included bill had ever been re-
turned by the grand jury. In this instance, we have secured from the
Clerk of the Superior Court a properly authenticated and certified
copy of the bill which shows that it was duly returned in the words
and form appearing in the statement of facts. Obviously, officers of
the General Court of Justice should not impose such a burden upon
the appellate division, and it is one which we will not ordinarily
assume. We further point out that the rules of the Supreme Court of
North Carolina are no less applicable to indigent defendants and
their court-appointed counsel than they are to all others.

No error.