STATE OF NORTH CAROLINA v. FRANK FOWLER.

(Filed 4 February, 1966.)

**1. False Pretense § 1—**

The crime of false pretense is statutory in this State, and the statute specifically denominates the crime a felony. G.S. 14-100.

**2. Indictment and Warrant § 9—**

An indictment for a felony which does not use the word "feloniously" is fatally defective unless the General Assembly otherwise expressly provides.

**3. Criminal Law § 139—**

The Supreme Court will review the record proper for fatal defect appearing upon its face, and therefore will arrest judgment *ex mero motu* when it appears that the conviction was upon a fatally defective indictment.

**4. Criminal Law § 121—**

The arrest of judgment because the indictment is fatally defective vacates the verdict and sentence and permits the State, if so advised, to proceed against the defendant upon a sufficient bill of indictment.

ON *certiorari* from *Martin, S.J.,* 4 January 1965 Special Criminal Session of MECKLENBURG.

Criminal prosecution on an indictment that charges that Frank Fowler by means of false pretenses did obtain from the North Carolina Savings and Loan Association $2,500 in money, the property of said Association, a violation of G.S. 14-100.

The defendant was represented by Leon Olive, an attorney at law who had been employed and paid by him. The defendant entered a plea of not guilty. The jury said for its verdict that Frank Fowler is guilty of the crime of obtaining goods under false pretenses as charged in the indictment.

The judgment of the court was that the defendant be imprisoned in the Central Prison at Raleigh, North Carolina, for a term of four years. From the judgment, defendant in open court appealed to the Supreme Court. By consent and in the discretion of the court, defendant was allowed 30 days within which to prepare and serve statement of case on appeal upon the State, and the State was allowed 10 days thereafter within which to serve countercase or file exceptions. Judge Martin further ordered that upon filing proper affidavits defendant is allowed to appeal *in forma pauperis*.

On 15 February 1965 the solicitor for the State, pursuant to G.S. 1-287.1, filed a notice with the court that he would move the court for an order dismissing the appeal in this case, in that no statement of case on appeal to the Supreme Court had been served upon the

State within the time allowed and that no extension of time within which to serve case on appeal had been granted. On the same date the Honorable J. Frank Huskins, judge presiding, issued an order commanding the sheriff to serve a copy of this notice upon Leon Olive, attorney for defendant, by leaving a copy of said notice with the said Leon Olive. This service of process was duly made on 17 February 1965. On 25 February 1965, Judge Huskins entered an order in which, after reciting the motion by the solicitor for the State and the service upon defendant's counsel Leon Olive, and that no statement of case on appeal had been served upon the State within the time allowed and that no extension of time within which to serve case on appeal had been granted, and further reciting that the defendant did not appear in person or through counsel to protest it, he ordered, pursuant to G.S. 1-287.1, that defendant's appeal to the Supreme Court be dismissed.

On 20 March 1965 defendant *in propria persona* filed in the Superior Court of Mecklenburg County a petition for a review of the constitutionality of his trial, in which he stated, *inter alia,* that he had paid Leon Olive to perfect his appeal to the Supreme Court and that he had not done so, and prayed the court that a lawyer be appointed to represent him in this proceeding, under the provisions of G.S. 15-219. On 26 March 1965 the Honorable Francis O. Clarkson, senior resident judge of the Mecklenburg Judicial District, entered an order appointing George J. Miller, an attorney at law, to represent defendant in his petition for a review of the constitutionality of this trial. This petition for review of the constitutionality of his trial came on to be heard on 2 April 1965 before Judge Clarkson. His counsel George J. Miller was present with the defendant, and during the hearing defendant stated to Judge Clarkson under oath in open court that he desired to withdraw his petition; that he saw no reason why he should not go ahead and serve the four-year sentence imposed by the Mecklenburg County Superior Court, for the reason that he had a concurring sentence of five years from Alamance County; that he understandingly and knowingly withdrew his petition and desired to abandon the same; and that he did not desire to prosecute his appeal to the Supreme Court of North Carolina. Whereupon, Judge Clarkson entered an order dismissing his petition.

On 2 June 1965 defendant *in propria persona* filed a petition with Judge Clarkson to reinstate his original petition for a review of the constitutionality of his trial. On 28 July 1965 the Honorable Harvey A. Lupton, judge presiding, entered a judgment denying defendant's petition, and entered an order that he be remanded to the custody

of the proper authorities and be turned over to serve his prison sentence. On the same date Judge Lupton entered an additional order appointing George J. Miller to prepare and file an application for a writ of *certiorari* with the Supreme Court of North Carolina requesting that defendant may bring up his appeal from his trial and conviction at the 4 January 1965 Session before Martin, S.J., and that the court reporter transcribe the proceedings had in the trial and furnish a copy to George J. Miller, and that the County of Mecklenburg pay her in full for transcribing the proceedings.

On · 31 August 1965 this Court allowed defendant's petition for writ of *certiorari* to bring up his appeal from his conviction at the 4 January 1965 Special Criminal Session of Mecklenburg.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, and Trial Attorney J. B. Hudson, Jr., for the State.*
*George J. Miller for defendant appellant.*

PARKER, J. In North Carolina the crime of false pretense is statutory, G.S. 14-100, and the statute specifically states the crime is a felony. *S. v. Davenport,* 227 N.C. 475, 495, 42 S.E. 2d 686, 700.

The indictment in the instant case purports to charge defendant with the crime of false pretense as defined in G.S. 14-100, yet the indictment contains no where in it the word *feloniously*. We have held repeatedly that indictments charging felonies which omit the word *feloniously* are fatally defective, unless the General Assembly otherwise expressly provides, and the judgment must be arrested. *S. v. Jesse,* 19 N.C. 297; *S. v. Purdie,* 67 N.C. 26; *S. v. Rucker,* 68 N.C. 211; *S. v. Caldwell,* 112 N.C. 854, 16 S.E. 1010 (a false pretense case) ; *S. v. Callett,* 211 N.C. 563, 191 S.E. 27; *S. v. Whaley,* 262 N.C. 536, 138 S.E. 2d 138; *S. v. Price,* 265 N.C. 703, 144 S.E. 2d 865.

Defendant made no motion in the trial court or in the Supreme Court to arrest the judgment in the instant case because the indictment is fatally defective, in that it omits the word *feloniously*.

The indictment is a part of the record proper. The court cannot properly give judgment unless it appears in the record that an offense is sufficiently charged. It is the duty of this Court to look through and scrutinize the whole record, and if it sees that the judgment should have been arrested, it will *ex mero motu* direct it to be done. This Court *ex mero motu* takes notice of the fatally defective indictment in the instant case, and orders that the judgment of imprisonment in the instant case be arrested. *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; *S. v. Thorne,* 238 N.C. 392, 78 S. E. 2d 140; *S. v. Scott,* 237 N.C. 432, 75 S.E. 2d 154.

The indictment on its face is void, and the judgment is arrested. The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment. *S. v. Rucker, supra; S. v. Caldwell, supra; S. v. Callett, supra; S. v. Scott, supra; S. v. Faulkner,* 241 N.C. 609, 86 S.E. 2d 81; *S. v. Strickland, supra; S. v. Whaley, supra;* 21 Am. Jur. 2d, Criminal Law, § 524.

Judgment arrested.