STATE v. JAMES EDWARD DOUGLAS.

(Filed 12 October, 1966.)

**1. Assault and Battery § 4—**

It is not required in order to constitute the offense of assault that actual force be used, it being sufficient if defendant evinces violence sufficient to put a reasonable man in fear which coerces him from pursuing lawful conduct.

**2. Assault and Battery § 14— Evidence of guilt of assault with deadly weapon sufficient to be submitted to jury.**

The State's evidence tended to show that the prosecuting witness apprehended defendant and a companion with goods which the witness had seen them take from the store of the witness, and that defendant pulled a knife from his back pocket and used abusive and threatening language, causing the prosecuting witness to abandon his attempt to recover the goods. *Held:* The evidence is sufficient to be submitted to the jury on a charge of assault with a deadly weapon, notwithstanding the absence of evidence that defendant, in advancing upon the prosecuting witness, had the knife open, since the evidence discloses that the prosecuting witness had no alternative but to encounter an unequal conflict or to abandon his goods.

**3. Criminal Law § 154—**

The rules of court governing appeals are mandatory and are as binding upon an indigent defendant as any other.

**4. Criminal Law § 156—**

An assignment of error to the charge should set forth in the assignment that portion of the charge defendant contends was erroneous. Rule of Practice in the Supreme Court No. 19(3).

**5. Criminal Law § 108— Statement of contentions held expression of opinion by court in ridiculing defendant's plea of not guilty.**

In this prosecution involving the taking of a suit of clothes in the view of the proprietor from the proprietor's store, the court, in stating defendant's contentions, not only stated that defendant contended he was not at the scene and did not take any suit of clothes, but went further and stated that defendant contended the proprietor was just imagining things, and that the proprietor had never lost a suit of clothes and that the proprietor did not even sell suits of clothes. There was no suggestion in the entire record that the prosecuting witness did not run a clothing store. *Held:* The overstatement of the contentions tends to ridicule and impair the effect of defendant's plea of not guilty and constitutes an expression of opinion by the court in violation of G.S. 1-180.

APPEAL by defendant from *Campbell, J.,* July 11, 1966 Conflict Schedule C Criminal Session of MECKLENBURG.

Defendant was first tried and convicted in the Recorder's Court of the City of Charlotte upon warrants charging him with an assault with a deadly weapon upon Louis Lipinsky and the larceny of a suit coat valued at $45.00, the property of Lipinsky. Upon con-

viction and sentence of imprisonment, defendant appealed to the Superior Court where he was tried *de novo* upon a plea of not guilty.

The State's evidence tends to show: The prosecuting witness, Lipinsky, operates Louis & Sons, a clothing store in the city of Charlotte. On November 20, 1964, as he and his wife returned from lunch, they stopped to observe the front show window, which had just been redecorated. Looking through the window they saw defendant remove a suit of clothes worth $75.00 from a rack inside the store and hand it to a woman, who put it under her raincoat. Without paying for the suit, defendant and the woman went out by a side door which led to a parking lot. Lipinsky and his wife immediately went to that door, stopped the pair, and asked for the suit. Defendant and the woman ran, and the trousers to the suit fell from her raincoat. As Lipinsky reached to grab the woman, defendant swung at him with his fists. Lipinsky then started for defendant, who immediately pulled a knife from his back pocket, used abusive language, and said, "If you come closer, I will kill you." Lipinsky, fearing that he might get his throat cut, backed away. Defendant and the woman escaped with the suit coat, which was worth $45.00. Lipinsky later identified defendant in a police lineup.

At the close of the State's evidence, defendant moved to nonsuit the assault charge. The motion was denied. Defendant offered no evidence and renewed his motion, which was again overruled. The verdict was guilty as charged in both warrants. From a sentence of imprisonment, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*
*Plumides & Plumides; Jerry W. Whitley for defendant appellant.*

SHARP, J. The motions for nonsuit were properly overruled. "The principle governing this case has been decided by several adjudications on the subject by this Court. The principle is that no man by the show of violence has the right to put another in fear and thereby force him to leave a place where he has the right to be." *State v. Martin,* 85 N.C. 508, 510. The evidence does not disclose whether the knife with which defendant threatened Lipinsky was open or shut, nor does it reveal that defendant actually swung the knife at the prosecuting witness. As the Court pointed out in a similar case, however, under the circumstances this was immaterial. *State v. Shipman,* 81 N.C. 513. Defendant was so near the unarmed Lipinsky that the latter would have been at his mercy had he opened the knife and taken one step forward, "the work of but a moment." Lipinsky had no alternative but to encounter an unequal conflict or

to abandon the goods taken from his store. In *State v. Shipman, supra,* the defendant, after using threatening language with reference to the prosecuting witness within his hearing, advanced upon him with a knife, continuing the use of violent and menacing expressions. The evidence left it doubtful as to whether the knife was open, but when the defendant got within 5-6 feet of the witness, the latter retreated. It was held that defendant was properly convicted of an assault. *Accord, State v. Martin, supra; State v. Allen,* 245 N.C. 185, 95 S.E. 2d 526; *State v. McIver,* 231 N.C. 313, 56 S.E. 2d 604. See Note, 36 N.C.L. Rev. 198 (1957) and *State v. Daniel,* 136 N.C. 571, 48 S.E. 544.

Defendant makes six assignments of error. Only the two relating to the court's refusal to allow the motions for nonsuit purport to comply with the rules of this Court, which are fully set out and annotated in 254 N.C. 783-824 (1961). Subsequent amendments appear in 259 N.C. 753 (1963) and 264 N.C. 757 (1965). "We have time and time again called attention to the Rules of Practice in this Court. They are mandatory." *Walter Corporation v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313. A failure to comply with the rules may result in a dismissal of the appeal. *Trust Co. v. Henry,* 267 N.C. 253, 148 S.E. 2d 7; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. Counsel representing an appellant should familiarize himself with the rules of this Court as well as the substantive law of his case.

The Rules of Practice in the Supreme Court of North Carolina apply to indigent defendants and their court-appointed counsel as well as to all other appellants. *State v. Price,* 265 N.C. 703, 144 S.E. 2d 865. The purpose of Rule 19(3), which requires that each assignment of error itself disclose with particularity the specific matters alleged as error without requiring "a voyage of discovery" through an often voluminous record, is twofold: (1) to enable the members of the Court, in their pre-argument examination of the record, to ascertain the questions involved in the appeal and thus to obtain maximum benefits from the arguments; (2) to reduce the possibility that an error in the trial below will escape detection. "The assignments of error, when properly prepared, pinpoint the controversy." *State v. Wilson,* 263 N.C. 533, 534, 139 S.E. 2d 736, 737; *State v. Dishman,* 249 N.C. 759, 107 S.E. 2d 750. Today, no court to which all litigants can appeal as a matter of right can hope to cope with its burgeoning calendar without the full cooperation of its bar. As Chief Justice Clark said in *McDowell v. Kent,* 153 N.C. 555, 558, 69 S.E. 626, 627, and as Stacy, C.J., repeated in *Greene v. Dishman,* 202 N.C. 811, 812, 164 S.E. 342, 343:

> "What the Court desires, and indeed the least that any appellate court requires, is that the exceptions which are *bona*

*fide* be presented to the Court for a decision, as the points determinative of the appeal, shall be stated clearly and intelligibly by the assignment of errors and not by referring to the record, and therewith shall be set out so much of the evidence or of the charge or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated.

"This requirement of the Court is not arbitrary but has been dictated by its experience and from a desire to expedite the public business by our being enabled to grasp more quickly the case before us and thus more intelligently follow the argument of counsel. In this practice we have followed what has long been adopted by other courts."

Defendant's assignments of error 5 and 6 relate to portions of the judge's charge, but those portions to which exceptions were taken are not recopied in the assignment as required by Rule 19(3). *Hill v. Logan,* 262 N.C. 488, 137 S.E. 2d 822. Defendant's sixth assignment of error is as follows:

"EXCEPTION No. 6 (R p 25): The defendant maintains that this statement by the court goes beyond the mere statement of the defendant's position, and that, in fact, it amounts to a slander or ridicule of the defendant's position. The defendant excepts to this and assigns this as his Assignment of Error #6."

This will not do. The correct way to have presented this exception would have been in a form substantially as follows:

No. 6. Defendant assigns as error the following portions of his Honor's charge:

"The defendant says and contends in the first place that he wasn't even out there, that he's never been out there, and that he's never been out there by himself, or with anyone else, and he didn't take any suit of clothes, that he never saw a suit of clothes in the place of business and that he didn't walk out with any suit of clothes. He had no companion with him who walked out with any suit of clothes. Not having ever been there he couldn't possibly have taken a suit of clothes off a rack, and he had nothing in the world to do with it at all, and that Lipinsky was just imagining things if he thought this man was out there; that Lipinsky never lost a suit of clothes. He didn't have any suit of clothes out there on a rack. He doesn't even sell suits of clothes." (R. 24-25).

EXCEPTION No. 6; R p 25.

Although it is sometimes necessary to do so, we are always reluctant to dispose of any appeal otherwise than upon its merits. For that reason, we have considered assignment of error No. 6, which, in our opinion, has merit.

The defendant's plea of not guilty controverted and put in issue the existence of every fact necessary to constitute the offense charged in the two warrants upon which he was tried. *State v. Mitchell,* 260 N.C. 235, 132 S.E. 2d 481. This legal principle, intended to protect an accused, was turned against defendant by that portion of the judge's charge quoted above. It tended to ridicule, and thus impair, the effect of defendant's plea of not guilty. It therefore constituted a violation of G.S. 1-180, which forbids a judge to express to the jury his opinion on the facts of the case he is trying. *Power Company v. Black,* 263 N.C. 811, 140 S.E. 2d 540. The Attorney General, in his brief, concedes that this particular portion of the charge "appears to be an overstatement of defendant's contentions," and that "nothing would have been lost had the court omitted the statement." He contends, however, that when the charge is considered as a whole, defendant has not been prejudiced. We do not agree.

There is no suggestion in the entire record that Lipinsky does not run a clothing store. When the judge charged that defendant contended that Lipinsky, "doesn't even sell suits of clothes," the jurors, recognizing the absurdity of such a contention, likely understood that the judge considered the rest of defendant's contentions to be on a par with that one. *State v. Dooley,* 232 N.C. 311, 59 S.E. 2d 808.

A trial judge is not required to state to the jury the contentions of either the State or the defendant. In a case where the State's evidence seems to establish defendant's guilt conclusively, and the judge must strain credulity to state any contrary contention for defendant, his obvious solution is to state no contentions at all. A simple explanation of the effect of the plea of not guilty will fulfill the requirement. As every trial lawyer knows, a judge can indicate to the jury what impression the evidence has made on his mind and what deductions he thinks it should draw from it without expressly stating his opinion in so many words. If, however, the judge intimates an opinion by his manner of stating the evidence, "by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone and tenor of the trial," he violates G.S. 1-180 no less. *State v. Simpson,* 233 N.C. 438, 442, 64 S.E. 2d 568, 571. "Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury. This

right can neither be denied nor abridged." Walker, J., in *Withers v. Lane,* 144 N.C. 184, 192, 56 S.E. 855, 858.

Applying this principle to exception No. 6, there must be a New trial.