STATE OF NORTH CAROLINA v. FRANK EDWARD GRIFFIN, JR.

No. 259A85

(Filed 5 May 1987)

1. **Rape and Allied Offenses § 4— possible cause of urinary infection—testimony not prejudicial**

     In a prosecution for first degree sexual offense, attempted first degree rape and taking indecent liberties with a child, the trial court did not err in permitting a physician to testify that vigorous genital and anal stimulation could cause a urinary tract infection where the physician further testified repeatedly that he had no opinion as to any causal connection between the victim's infection and the alleged offenses, and the jury was twice instructed not to associate the victim's infection and the alleged offenses.

2. **Criminal Law § 105.1— introduction of evidence—waiver of prior motion to dismiss**

     Under N.C.G.S. § 15-173, a defendant who introduces evidence waives any motion for dismissal or nonsuit made prior to the introduction of his evidence and cannot urge the prior motion as a ground for appeal.

3. **Rape and Allied Offenses § 5— first degree sexual offense against child—sufficient evidence**

     Defendant's conviction of a first degree sexual offense under N.C.G.S. § 14-27.4(a)(1) (1986) was supported by evidence that the victim was nine and

defendant was twenty at the time of the offense and the child's corroborated testimony describing defendant's commission of anal intercourse.

**4. Rape and Allied Offenses § 19— taking indecent liberties with child—sufficient evidence**

Defendant's conviction of taking indecent liberties with a child was supported by evidence that the child was nine and defendant was twenty at the time of the offense and the child's corroborated testimony that defendant rubbed his private parts against her until he ejaculated. N.C.G.S. § 14-202.1(a)(1), (2) (1986).

**5. Rape and Allied Offenses § 11— attempted rape of child—sufficient evidence**

The jury could properly find defendant guilty of attempted first degree rape where the evidence established that the victim was nine and defendant was twenty at the time of the offense, and the victim's corroborated testimony tended to show that defendant took her into a bedroom, undressed her, put her on the bed, got on top of her, rubbed his private parts against her private parts, and stopped rubbing his private parts against her only when she started to cry.

**6. Criminal Law § 114.2— statement of evidence—no expression of opinion**

In a prosecution for first degree sexual offense, taking indecent liberties with a child and attempted first degree rape, the trial court's instructions did not unequally weigh the strengths of the State's case against defendant's "contentions" so as to constitute an expression of opinion on the evidence; rather, the instructions of which defendant complains made no attempt to reiterate defendant's "contentions" but restated evenhandedly evidence proffered by the State to the extent necessary to explain the application of the law.

**7. Rape and Allied Offenses § 3— sexual offenses against child—no fatal variance in dates**

Indictments for various sexual offenses against a child were not fatally flawed because they indicated the alleged offenses had occurred "on or about" 7-9 May rather than on 8-10 May as shown by the evidence at trial where defendant's defense consisted simply of a denial that the alleged events had ever occurred, and this defense was unaffected by the variance of a single day between the indictments and proof.

BEFORE *Rousseau, J.*, at the 10 December 1984 Criminal Session of Superior Court, WILKES County, defendant was tried and convicted of the following offenses: one count of first degree sexual offense, three counts of taking indecent liberties with a child, and three counts of attempted first degree rape. He was sentenced to life imprisonment for the sexual offense, nine years for the three counts of taking indecent liberties with a child, and eighteen years for the three counts of attempted first degree rape, the latter to run at the expiration of the life term. Defendant appeals from the life sentence of right pursuant to N.C.G.S.

7A-27(a). This Court allowed defendant's motion to bypass the Court of Appeals on the other charges on 15 May 1986. Heard in the Supreme Court 13 April 1987.

*Lacy H. Thornburg, Attorney General, by James B. Richmond, Special Deputy Attorney General, for the State.*

*Kurt R. Conner and Mitchell McLean for defendant-appellant.*

WHICHARD, Justice.

The victim, a child of nine at the time of the offenses, testified that the day after her mother was hospitalized with appendicitis, defendant, her stepfather, sent her two younger brothers outside to play, locked the door of the trailer, and took her to the back bedroom. He then took off her clothes, made her get on the bed, kissed her, got on top of her, touched her on her "private parts," rubbed her with his own, and eventually ejaculated on her. The child testified that defendant repeated these actions the next day. On the third day defendant stuck his private parts "up [her] butt." The child testified that these actions caused her pain and that she had cried each time, after which defendant had stopped.

The child's testimony was corroborated by that of her mother and of the physician who examined her on 20 May 1984. Hospital records revealed the child's mother had been admitted to the hospital on 7 May 1984. The offenses occurred on 8, 9, and 10 May. The child told no one about them until the following week, when she went with her mother and brothers to her aunt's house in Fayetteville. She was examined shortly afterwards.

The physician performed a vaginal and a rectal examination and found no signs of trauma. The physician testified that the absence of injury to either the child's hymen or her rectum would not have been inconsistent with the abuse she had described.

The physician also testified that urinalysis revealed that the child had a urinary tract infection. When asked whether the infection could have been caused by the "vigorous genital contact" the child had described, he responded that "vigorous, combined genital anal rectal stimulation could, in fact, cause a urinary tract infection[,] and this is known to happen on occasion. I cannot say that this urinary tract infection was caused by these episodes."

The trial court then directly asked the physician whether he had an opinion based upon his medical experience "as to whether that caused it or not." The physician responded, "Not really." The court immediately instructed the jury to "disregard anything about the urinary tract infection being related in any way to what might or might not have taken place on those occasions. Disregard anything about that from your deliberations." In the trial court's subsequent charge to the jury, the admonition was repeated: "The doctor examined her and . . . found everything to be within normal limits other than some urinary tract infection which he said had absolutely nothing to do with this offense."

[1] Defendant first contends that the trial court erred in permitting the physician to testify regarding the possible cause of the child's urinary tract infection. Defendant reasons that the mere suggestion of causation was so inflammatory that the jury was predisposed to find him guilty of the alleged offenses.

Defendant's contention is meritless. The physician repeatedly testified that he had no opinion as to any causal connection between the infection and the alleged offenses. It is inconceivable that such responses could have prejudiced the jury against defendant. Further, the jury was told twice not to associate the infection and the alleged offenses. Even assuming error, *arguendo*, the court's prompt instruction and its later charge removed any possibility of prejudice. *See State v. Pruitt*, 301 N.C. 683, 688, 273 S.E. 2d 264, 268 (1981).

[2] Defendant next contends that the trial court erroneously denied defendant's motions to dismiss all charges, at the close of the State's evidence and at the close of all the evidence, on the grounds that the evidence was insufficient as to each essential element of the offenses charged. A motion to dismiss for insufficiency of the evidence is tantamount to a motion for nonsuit under N.C.G.S. 15-173. *State v. Greer*, 308 N.C. 515, 519, 302 S.E. 2d 774, 777 (1983). Under N.C.G.S. 15-173, a defendant who introduces evidence waives any motion for dismissal or nonsuit made prior to the introduction of his evidence and cannot urge the prior motion as ground for appeal. N.C.G.S. 15-173 (1983); *State v. Bruce*, 315 N.C. 273, 280, 337 S.E. 2d 510, 515 (1985); *see also* N.C.R. App. P. 10(b)(3). Because defendant offered evidence following denial of his motion to dismiss at the close of the State's evidence, the denial of that motion is not properly before us for review. *Id.*

In determining whether to grant a motion to dismiss at the close of all the evidence, the trial court must view all the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference that may be drawn therefrom supporting the charges against the defendant. *State v. Quesinberry*, 319 N.C. 228, 233, 354 S.E. 2d 446, 449 (1987). If the court determines as a matter of law that the State has offered substantial evidence of each element of the charged offenses sufficient to convince a rational trier of fact beyond a reasonable doubt of defendant's guilt, then defendant's motion to dismiss is properly denied. *See State v. Thompson*, 306 N.C. 526, 532, 294 S.E. 2d 314, 318 (1982).

[3]   Under the circumstances of this case, the elements essential to the proof of first degree sexual offense are that (1) the defendant engaged in a "sexual act," (2) the victim was at the time of the act twelve years old or less, and (3) the defendant was at least twelve years old and four or more years older than the victim. N.C.G.S. 14-27.4(a)(1) (1986); *State v. Ludlum*, 303 N.C. 666, 667, 281 S.E. 2d 159, 160 (1981). A "sexual act" includes anal intercourse, N.C.G.S. 14-27.1(4), which requires penetration of the anal opening by the penis. *State v. DeLeonardo*, 315 N.C. 762, 764, 340 S.E. 2d 350, 353 (1986). The testimony of the child, her mother, and defendant established that the child was nine and defendant was twenty at the time of the offense. The child's testimony describing defendant's commission of anal intercourse, corroborated by that of her mother and the examining physician, is sufficient competent evidence supporting proof of the essential elements of first degree sexual offense.

[4]   A conviction for the offense of taking indecent liberties with a child is sustained by proof that the defendant is sixteen years of age or more and at least five years older than the child and that he either

    (1) Willfully [took] or attempt[ed] to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

    (2) Willfully commit[ted] or attempt[ed] to commit any lewd or lascivious act upon or with the body or any part or

member of the body of any child of either sex under the age of 16 years.

N.C.G.S. 14-202.1(a)(1), (2) (1986). Again, evidence in the record satisfies the statutory age requisites of this offense. The corroborated testimony of the child that defendant rubbed against her until he ejaculated is sufficient evidence to permit the jury to find beyond a reasonable doubt that defendant took indecent liberties with her for the purpose of gratifying his sexual desire. *See State v. Ludlum*, 303 N.C. at 674, 281 S.E. 2d at 163.

[5] The essential elements of attempted first degree rape under the facts presented by this case are that the victim was less than thirteen years of age, that the perpetrator was at least twelve years of age and at least four years older than the victim, that the defendant had the intent to engage in vaginal intercourse with the victim, and that the defendant committed an act that went beyond mere preparation but fell short of actual commission of intercourse. N.C.G.S. 14-27.2(a)(1) (1986); N.C.G.S. 14-27.6 (1986); *State v. Boone*, 307 N.C. 198, 210, 297 S.E. 2d 585, 592 (1982). Again, except for defendant's intent, there was direct evidence in the child's testimony and elsewhere in the record as to all of these elements.

This Court has noted many times that "[i]ntent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence[;] it must ordinarily be proven by circumstantial evidence, *i.e.*, by facts and circumstances from which it may be inferred." *State v. Hudson*, 280 N.C. 74, 77, 185 S.E. 2d 189, 191 (1971), *cert. denied*, 414 U.S. 1160, 39 L.Ed. 2d 112 (1974), quoting *State v. Gammons*, 260 N.C. 753, 756, 133 S.E. 2d 649, 651 (1963). *See also State v. Whitaker*, 316 N.C. 515, 519-20, 342 S.E. 2d 514, 517-18 (1986). The child testified that defendant stopped rubbing his "private parts" against her own when she started to cry. In *State v. Mehaffey*, 132 N.C. 1062, 1065, 44 S.E. 107, 108 (1903), Chief Justice Clark observed:

Whether he desisted for that reason, . . . or because he did not intend to have intercourse with her by force, was a matter for the jury alone, and was properly left to them in connection with all the other evidence in the case. [Citations omitted.] It is true, he desisted, that is to say, he did not suc-

> ceed in having sexual intercourse with the girl. . . . But his failure is not conclusive of the absence of intent . . . .

*See State v. Hudson*, 280 N.C. at 77, 185 S.E. 2d at 191-92. Whatever the actual reason for defendant's stopping short of intercourse, the jury was free to draw every reasonable inference from the evidence of his behavior, including an inference of his intentions. We hold that evidence of defendant's actions with the child was sufficient to support the jury's verdict that defendant was guilty of attempted first degree rape.

[6]  Defendant also assigns error to the trial court's charge to the jury that if it found from the evidence beyond a reasonable doubt that

> defendant took [the child] into the bedroom, undressed her, undressed himself, put her on the bed, got on top of her, rubbed his private parts against her private parts, which in the ordinary course of events would have resulted in vaginal intercourse by the defendant with [the child] had not the defendant been stopped or prevented from completing his apparent course of action, it would be your duty to return a verdict of guilty as charged. However, if you do not so find or have a reasonable doubt as to one or more of those things, it would be your duty to return a verdict of not guilty.

Defendant complains that the charge, as exemplified in this concluding passage, unequally weighed the strengths of the State's case against defendant's "contentions." Defendant suggests it would have been better for the trial court to have offered the jury a "simple explanation of the effect of the plea of not guilty," as in "a case where the State's evidence seems to establish defendant's guilt conclusively, and the judge must strain credulity to state any contrary contention for defendant . . . ." *State v. Douglas*, 268 N.C. 267, 271, 150 S.E. 2d 412, 416 (1966).

We find no error in either the content or the tenor of this charge. First, this passage is in no way akin to the charge in *Douglas* in which the trial court's sarcastic summary of defendant's evidence "tended to ridicule, and thus impair, the effect of [his] plea of not guilty." *Id.*

Second, the quoted portion of the charge makes no attempt to reiterate defendant's "contentions," nor does the trial court

have any duty to do so. *E.g., State v. Rinck*, 303 N.C. 551, 563, 280 S.E. 2d 912, 922 (1981). The charge appears to restate evenhandedly evidence proffered by the State to the extent necessary to explain the application of the law. There is no indication in the charge of the court's opinion whether a fact had been proved. The law requires no more. *See* N.C.G.S. 15A-1232 (1983). *See also State v. Johnson*, 317 N.C. 343, 385, 346 S.E. 2d 596, 619-20 (1986).

Third, the portion of the trial court's charge quoted above was preceded by the court's admonishing the jury that

> by no means have I attempted to summarize all the evidence in all its detail; but, when you go to make up your verdicts, it is your duty to consider all the evidence in this case, whether I have called it to your attention or not; for all the evidence is important and should be considered by you in arriving at your verdicts.

Both this admonition and the part of the charge of which defendant complains reveal that the trial court took scrupulous care to instruct the jury to consider the evidence according to its own recollection and to weigh it carefully and independently. We discern no evidence of partiality either in the trial court's summary of the evidence or in its accompanying instructions.

[7] Finally, defendant contends that the indictments were fatally flawed because they indicated the alleged offenses had occurred "on or about" 7-9 May, rather than on 8-10 May, as revealed in the evidence at trial. This Court has held that "the State may prove that the crime charged was in fact committed on some date other than that alleged in the indictment." *State v. Ramey*, 318 N.C. 457, 472, 349 S.E. 2d 566, 575 (1986). We have repeatedly recognized this allowance in cases involving offenses committed against young children. *See, e.g., State v. Wood*, 311 N.C. 739, 742, 319 S.E. 2d 247, 249 (1984). However, such license may not be used to "ensnare" a defendant and "deprive him of the opportunity to adequately defend himself." *State v. Ramey*, 318 N.C. at 472, 349 S.E. 2d at 575.

Defendant's defense consisted simply of a denial that the alleged events had ever occurred. This defense was unaffected by the variance of a single day between the indictment and the proof. We therefore hold that the variance had no prejudicial ef-

fect upon the outcome of defendant's trial and that consequently this contention, too, is without merit.

No error.