STATE OF NORTH CAROLINA v. CLIFFORD DEAN KERLEY

No. 8722SC196

(Filed 6 October 1987)

1. Criminal Law § 73.4— arson—statement of occupant of building—hearsay—excited utterance

The trial court did not err in an arson prosecution by admitting a statement made at the scene to a highway patrolman where the statement fell within the excited utterance exception to the hearsay rule in that it related to a startling event or conclusion, and, even though defendant alleged that the statement was made fifteen minutes after the fire started, the trooper's uncontradicted testimony showed that the declarant continued to be upset and excited for a considerable time after telling him how the fire started. N.C.G.S. § 8C-1, Rule 803(2).

2. Constitutional Law § 65— admission of out-of-court statement—no showing of good faith effort to produce witness

The trial court violated defendant's Sixth Amendment right to confrontation in an arson prosecution by admitting an out-of-court statement where the witness was not present at trial and the State produced only a statement by a detective that he had been told that the witness was in Broughton Hospital with a head injury. The testimony did not show what steps were taken to produce the witness at trial, and did not show that he was unable to testify.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 15 October 1986 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 2 September 1987.

Defendant was charged in a proper bill of indictment with first-degree arson. He was convicted of that offense, and sentenced to thirty years imprisonment, from which he appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant appellant.*

ORR, Judge.

On 2 January 1986 while on patrol, Trooper Tom Brooks of the North Carolina State Highway Patrol, was dispatched at 5:47 p.m. to the scene of a fire on East Main Avenue in Taylorsville. He arrived on the scene minutes later to find the house fire extinguished and a smouldering mattress laying in the front yard.

Brooks was familiar with the house and described it in his testimony as a residence frequently occupied by street people. After a brief conversation with the fire chief in the front yard, Brooks proceeded toward the front steps of the house.

At that moment Howard Warren ran up to Brooks. According to the trooper:

Howard [who Brooks knew frequently occupied the house] was extremely excited. . . . He told me that Clifford Kerley [defendant] had tried to burn him while he was inside asleep. . . . He said that he had been inside the residence; that he had gone to sleep; and that Clifford Kerley had poured some fuel oil . . . and set it on fire and had left.

Although the State did not produce the declarant Howard Warren at trial, it sought to admit Brooks' testimony about what Warren had told him, in order to establish the origin of the fire.

[1] Defendant claims the trial court erred by admitting Warren's out-of-court statement to Trooper Brooks without presenting Warren at trial for cross-examination. The statement, according to defendant, constituted prejudicial hearsay and should have been excluded under N.C.G.S. § 8C-1, Rule 802. Moreover, defendant claims the trial court denied his right to confront the witness against him guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 23 of the North Carolina Constitution.

We now address defendant's argument that Howard Warren's out-of-court statement should have been excluded as inadmissible hearsay.

The statement complained of by defendant clearly qualifies as hearsay. It was made by someone other than the declarant while testifying at trial and offered in evidence to prove defendant intentionally started the fire. Thus, it is inadmissible unless encompassed by an exception to the hearsay rule. N.C.G.S. § 8C-1, Rules 801(c), 803, 804 (1986).

When the trial court admitted Warren's out-of-court statement it did not specify which exception applied. The State now contends both the present sense impression and the excited utterance exceptions apply. We hold that Warren's statement falls within the excited utterance exception. This exception provides:

> Excited Utterance.— A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

N.C.G.S. § 8C-1, Rule 803(2) (1986).

Warren's statement satisfies the first requirement for admission as an excited utterance; it was a statement relating to a startling event or condition, in this case, escaping from a burning building. We conclude the second requirement was also met; it was made under the stress of excitement caused by the event.

Defendant argues that the second requirement was not satisfied. He states that more than fifteen minutes transpired between the time the fire started and Warren's statement to Trooper Brooks. (The State maintains only eight minutes passed.) This fifteen minute delay, according to defendant, precluded the possibility that the statement was made spontaneously under the stress of excitement caused by the event. Defendant contends Warren calmed down during this delay, thus making the statement a narrative that was not so spontaneous as to preclude the likelihood of reflection and fabrication.

We acknowledge the critical importance of the time factor in determining whether a statement was made under the stress of excitement caused by an event or condition. The Official Commentary to N.C.G.S. § 8C-1, Rule 803(2) states:

> With respect to the time element . . . the standard measurement is the duration of the state of excitement. 'How long can excitement prevail? Obviously there are no pat answers and the character of the transaction or event will largely determine the significance of the time factor.'

In this case we cannot conclude that Warren no longer acted under the stress of excitement caused by the fire, when he made the statement to Brooks.

Warren was apparently asleep in the house when defendant allegedly poured fuel oil or kerosene throughout the residence, including the mattress where Warren slept, and ignited the oil. Moreover, Trooper Brooks' uncontradicted testimony showed Warren continued to be very upset and excited for a considerable time after telling Brooks how the fire started.

> The entire time until I got him in my patrol car, he was very excited. I had to tell him to calm down and take a minute; that I wanted to get a statement from him, 'and write it exactly down the way you give it to me.' At that time I told him to just sit there. I got out of my patrol car and came back; and, at that point, he was calm enough for me to get a written statement from him.

Under these circumstances, Warren's out-of-court statement to Brooks falls squarely within the excited utterance exception to the hearsay rule regardless of whether it was made fifteen or eight minutes after the fire started.

[2] In his final argument defendant contends the trial court denied his Sixth Amendment right of confrontation by admitting Warren's out-of-court statement without presenting Warren as a witness at trial. We agree.

The Confrontation Clause of the Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." The United States Supreme Court has, however, recognized an exception to this rule. Hearsay is admissible against a criminal defendant provided the declarant is unavailable to testify and the statement is attended by adequate indicia of reliability. *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L.Ed. 2d 597, 608 (1980).

"[A] witness is not 'unavailable' for purposes of the . . . exception to the confrontation requirement unless the prosecutorial authorities have made a *good faith effort* to obtain his presence at trial. *Barber v. Page,* 390 U.S. at 724-25, 20 L.Ed. 2d at 260 (emphasis added)." *State v. Grier,* 314 N.C. 59, 65, 331 S.E. 2d 669, 673 (1985). Whether the prosecutor has made a good-faith effort to produce the witness is a question of reasonableness. *California v. Green,* 399 U.S. 149, 189, n. 22, 26 L.Ed. 2d 489, 514, n. 22 (1970) (Harlan, J., concurring); *State v. Grier,* 314 N.C. at 65, 331 S.E. 2d at 674.

After thoroughly examining the transcript and record, we find no evidence of a good-faith effort to produce Howard Warren at trial. The only reference to Warren's whereabouts during the trial was made by State's witness Detective Ray Warren during direct examination.

Q. Do you know, of your own knowledge, where Howard Warren is today?

A. In the Broughton State Hospital.

Q. Do you know why he is there?

MR. PARKER [defense counsel]: Objection.

COURT: Overruled.

A. He suffered an injury to his head and was taken first to Baptist Hospital and then was transferred to Broughton Hospital.

Q. And do you know, of your own knowledge, what his condition is?

MR. PARKER: Objection.

COURT: Overruled.

A. Only what I have been told by the medical staff there.

COURT: Objection sustained.

This testimony does not show what steps were taken, if any, to produce Howard Warren at trial. Nor does it show that he was unable to testify. It shows only that Howard Warren was in Broughton Hospital with a head injury. We do not know how

critical an injury he suffered, how long he was hospitalized, and whether he was physically or mentally capable of testifying.

The State maintains that evidence of Howard Warren's physical and mental condition was kept out of evidence as a result of defendant's objections to certain questions intended to provide an explanation. This is not a sufficient basis. The testimony Detective Warren was prepared to offer concerning what he had been told by doctors treating Warren was properly excluded.

In order to use Brooks' testimony about Warren's statements, the State has the burden of showing it took reasonable measures in a good-faith effort to produce Warren at trial. *State v. Grier*, 314 N.C. at 65, 331 S.E. 2d at 673-674. It must do so with competent evidence. Testimony from Warren's treating physician or other health care provider with adequate personal knowledge of Warren's condition could have satisfied the State's burden, if in fact Warren was unable to testify.

The admission of this testimony into evidence was clearly prejudicial to defendant's case. Although there was some additional evidence from which a jury could have convicted defendant, the incriminating testimony of an eyewitness as retold by a highway patrolman could have substantially affected the outcome of this trial. Defendant is entitled to the right to cross-examine the witness against him unless the State clearly shows an unsuccessful good-faith effort to produce the witness.

Because no evidence was presented to show that the State made such a good-faith effort to produce Howard Warren at trial, we are compelled to hold that portion of Trooper Brooks' testimony as inadmissible. The judgment of the trial court is hereby vacated and the cause is remanded for a new trial.

Remanded for a new trial.

Chief Judge HEDRICK and Judge ARNOLD concur.