STATE OF NORTH CAROLINA v. JEROME MURPHY

No. 101A87

(Filed 5 November 1987)

**1. Burglary and Unlawful Breakings § 5— sufficient evidence of breaking**

The State's evidence supported submission of the breaking element to the jury in a prosecution for first degree burglary where it tended to show that police found a window screen bearing defendant's fingerprints on the ground outside an open window of the victim's apartment; they also found defendant's fingerprints on the windowsill inside the apartment; the window curtain was partially pushed back; and two flower pots on the windowsill had been upset.

**2. Burglary and Unlawful Breakings § 5— sufficient evidence of nonconsensual entry**

The State's evidence was sufficient to permit the jury in a first degree burglary case to find that defendant's entry into the victim's apartment was nonconsensual and thus unlawful where it tended to show that the victim had been awakened in her bed by someone climbing on top of her; the assailant choked her, she resisted, and he then raped her; and the assailant entered the victim's apartment through a window.

**3. Criminal Law § 73.4— excited utterance exception to hearsay rule**

Statements made by a burglary and rape victim when an officer arrived at her apartment after her assailant had fled and asked her if she could tell him what happened were admissible under the excited utterance exception to the hearsay rule provided by N.C.G.S. § 8C-1, Rule 803(2) (1986), where the eighty-nine-year-old victim had been raped approximately ten minutes before making the statements; she was crying and extremely upset and spoke while under the stress of excitement; and the statements related to a startling event.

APPEAL of right pursuant to N.C.G.S. § 7A-27(a) (1986) from a judgment imposing a life sentence upon a conviction of first degree burglary, entered by *Bowen, J.*, at the 29 October 1986 Criminal Session of Superior Court, SCOTLAND County. Heard in the Supreme Court 13 October 1987.

*Lacy H. Thornburg, Attorney General, by Philip A. Telfer, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant-appellant.*

WHICHARD, Justice.

Defendant was charged with first degree burglary and first degree rape. He was found guilty of burglary but not of rape. He received a life sentence for the burglary. We find no error.

The State's evidence showed the following:

At 12:12 a.m. on 9 July 1985, Detective Johnny Joseph was called to the apartment of the victim, an eighty-nine-year-old woman. The victim told Joseph that she had been awakened by someone climbing on top of her. The assailant choked her, and she resisted. He also raped her.

Joseph found that the kitchen window of the apartment was open and the screen was lying on the ground. Another officer discovered that the window curtain was partially pushed back and two flower pots on the windowsill were upset. The victim's bedroom was in disarray, and the back door was slightly ajar. Defendant's fingerprints were found on the windowsill and screen.

Defendant's prison cellmate testified that defendant had told him that he "raped a lady." According to the witness, defendant said he "went in there to rob her [but] she didn't have but seven dollars and he raped her." Defendant told this story in the cell block several times. On cross-examination the witness testified: "[It's] not too easy to forget a man when he snickers and grins in your face for six or seven months about how he raped an old woman . . . ."

Defendant challenges the sufficiency of the State's evidence to support his conviction. He contends that the trial court erred

by denying his motion to dismiss at the close of the State's evidence.

To withstand a motion to dismiss, the State must present substantial evidence of each element of the offense charged and evidence that the defendant perpetrated the offense. *State v. Williams*, 319 N.C. 73, 79, 352 S.E. 2d 428, 432 (1987) (quoting *State v. Young*, 312 N.C. 669, 680, 325 S.E. 2d 181, 188 (1985) ). The trial court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. *Id.* If the court determines as a matter of law that the State has offered substantial evidence of each element of the charged offense, defendant's motion to dismiss is properly denied. *State v. Griffin*, 319 N.C. 429, 433, 355 S.E. 2d 474, 476-77 (1987).

[1] To convict a defendant of first degree burglary, the jury must find that he or she unlawfully broke and entered an occupied dwelling or sleeping apartment in the nighttime with the intent to commit a felony therein. *State v. Sweezy*, 291 N.C. 366, 383, 230 S.E. 2d 524, 535 (1976). Defendant contends that the State failed to prove that he broke into the victim's apartment. With respect to the breaking element, the State presented this evidence: The police found a window screen bearing defendant's fingerprints on the ground outside the open window of the victim's apartment. They also found defendant's fingerprints on the windowsill inside the apartment. The window curtain was partially pushed back, and two flower pots on the windowsill had been upset.

We addressed a similar situation in *State v. Simpson*, 299 N.C. 335, 349, 261 S.E. 2d 818, 826 (1979), where we found sufficient evidence of a breaking based on facts that a window which was customarily closed was open, the screen was on the ground, and a sawhorse had been placed under the window. The State's evidence here also showed that a window was open and the screen was on the ground. In addition, flower pots on the windowsill were disturbed, and defendant's fingerprints were on the screen and the windowsill. The evidence here thus is more persuasive than that in *Simpson*. We thus hold that the evidence, considered in the light most favorable to the State, supported submission of the breaking issue to the jury.

[2] Defendant also contends that the State did not present sufficient evidence that the entry was unlawful because it was nonconsensual. *State v. Sweezy*, 291 N.C. at 383, 230 S.E. 2d at 535. He argues that the victim's testimony that she was awakened by a man jumping on her bed does not prove that she did not give the man permission to enter her apartment.

In two other cases this Court has found sufficient evidence of nonconsensual entry despite the absence of direct testimony. In *State v. Noland*, 312 N.C. 1, 13, 320 S.E. 2d 642, 650 (1984), *cert. denied*, 469 U.S. 1230 (1985), we held that an inference of nonconsensual entry could be supported by the following evidence:

> Cindy Minton walked to her back door in response to a knock on the window. There was no evidence that the victim invited the defendant inside. The witnesses testified that they heard a bang and saw Cindy running into the house, screaming. The glass pane in the back door was broken. The defendant followed Cindy into the house, cornered her in the laundry room, and shot her.

Here, too, there was no evidence that the victim invited the defendant inside. There was evidence of an unusual entry, *i.e.*, through a window, comparable to the evidence of a broken glass pane in *Noland*. The ensuing altercations in both cases suggest that neither defendant was an invited guest.

In *State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524, we held similar facts sufficient to support an inference of nonconsensual entry. The victim there was surprised by the defendant entering her enclosed porch late at night. She screamed for her husband, retreated into her home, and called the police. *Id.* at 383, 230 S.E. 2d at 535. We stated: "This is hardly the type of reception given to an invited guest in one's home." *Id.* at 383-84, 230 S.E. 2d at 535. The victim here also was surprised by the defendant and called the police immediately after he left.

We conclude that, as in *Noland* and *Sweezy*, the State has presented evidence of nonconsensual entry which, considered in the light most favorable to the State, justified submission of that issue to the jury. The burglary charge was properly for the jury, and this assignment of error is overruled.

[3]   Defendant contends the trial court erred by admitting hearsay statements made by the victim. The victim died prior to trial from causes unrelated to the crime and thus could not testify. Detective Joseph, who had arrived at the victim's apartment less than ten minutes after her assailant had fled, testified, over objection, that shortly after he arrived he asked the victim "if she could tell [him] what happened" and she made the following statement:

> She stated to me that she had gone to bed and was doing some reading in the bed. She apparently had fallen asleep while reading and she was awakened by someone climbing on top of her. She said the person placed his hands on her throat and she attempted to push the hands away from her throat and the person continued to put pressure on her throat. She said then the person left. I asked her if that was all that occurred and she said, "No, he raped me."

While clearly hearsay, we hold Joseph's testimony admissible under the excited utterance exception. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." N.C.G.S. § 8C-1, Rule 803(2) (1986).

Prior to adoption of the North Carolina Evidence Code, in *State v. Hamlette*, 302 N.C. 490, 495, 276 S.E. 2d 338, 342 (1981) we held a statement made under similar circumstances admissible as a spontaneous utterance. There, the victim of a shooting identified his assailant in response to police questioning. The victim, who suffered three gunshot wounds, made the statements within thirteen minutes of the shooting. *Id.* at 495, 302 S.E. 2d at 342. We noted that "[t]he[se] statements do not in any way lose their spontaneous character because they were made in response to questions such as: 'What is wrong?' 'Who shot you?' 'How did they leave?' (Citations omitted.) This was not a situation wherein the declarant had time to reflect and fabricate untruthful answers." *Id.* We thus held that the police officer could testify as to the identification made by the victim under these circumstances. *Id.*

The Court of Appeals recently noted that a statement made under circumstances similar to those here qualified as an excited utterance. *State v. Kerley*, 87 N.C. App. 240, 360 S.E. 2d 464

(1987). In *Kerley*, the declarant had been asleep when the defendant set fire to his mattress and the entire residence. Several minutes later a state trooper arrived at the scene. The declarant, still upset and excited, rushed to the trooper and described the origin of the fire. The Court of Appeals explained that the excited utterance exception requires that (1) the statement relate to a startling event or condition, and (2) the statement be made under the stress of excitement caused by the event. *Id.* at 242, 360 S.E. 2d at 465. Acknowledging the significance of the time factor, the court quoted the Official Commentary to N.C.G.S. § 8C-1, Rule 803, which states: "With respect to the *time element* . . . the standard measurement is the duration of the state of excitement. 'How long can excitement prevail? Obviously there are no pat answers and the character of the transaction or event will largely determine the significance of the time factor.'" *Id.* at 243, 360 S.E. 2d at 466. While the court held that the statement should have been excluded on other grounds, it noted that the statement fell "squarely within" the excited utterance exception. *Id.*

Here, the victim was an eighty-nine-year-old woman who had been raped approximately ten minutes before making the statement. Detective Joseph testified that she was crying and extremely upset when she gave the statement. His uncontradicted testimony establishes that the victim spoke while under the stress of excitement. Clearly, the statement related to a startling event. The fact that the victim spoke in response to a question does not defeat the trustworthiness of her utterance. *See State v. Hamlette*, 302 N.C. at 495, 276 S.E. 2d at 342. We thus hold that the trial court properly admitted this statement. N.C.G.S. § 8C-1, Rule 803(2).

No error.