STATE OF NORTH CAROLINA v. STEVEN CHARLES PRUSH

No. COA06-1213

(Filed 21 August 2007)

**1. Sexual Offenses— first-degree sexual offenses—two acts of fellatio—sufficiency of evidence**

The State presented sufficient evidence to support defendant's conviction on two counts of first-degree sexual offense against a child where the child testified at trial that defendant performed two acts of fellatio on him, although the child also gave inconsistent testimony as to whether a second act of fellatio occurred; and corroborating evidence from a detective and a forensic interviewer was presented that the child had stated that defendant performed fellatio on him once in defendant's garage and once behind a shed.

**2. Sentencing— calculation of prior record level—elements of prior convictions—stipulation**

The trial court erred in calculating defendant's prior record level where defendant was sentenced for several sexual offenses against a child, including first-degree sexual offense; none of defendant's prior convictions included all of the elements of first-degree sexual offense; and the judge erred by adding an additional point pursuant to N.C.G.S. § 15A-1340(b)(6), which raised his prior record level. Defendant's stipulation to that prior record level is ineffective because comparison of the elements of criminal offenses does not require the resolution of disputed facts.

Appeal by Defendant from judgments entered 22 March 2006 by Judge Edwin G. Wilson, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 23 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General David Gordon, for the State.*

*Jarvis John Edgerton, IV, for Defendant.*

STEPHENS, Judge.

Defendant was sentenced to two consecutive terms of 433 to 529 months in prison after a jury convicted him of two counts of first-degree sexual offense, N.C. Gen. Stat. § 14-27.4(a) (2005), two counts of indecent liberties with a minor, N.C. Gen. Stat. § 14-202.1 (2005), and one count of disseminating obscenity, N.C. Gen. Stat. § 14-190.1 (2005). On appeal, Defendant argues that the trial court erred in (1) denying his motion to dismiss one of the first-degree sexual offense charges for insufficient evidence and (2) sentencing him at prior record level V instead of prior record level IV. For the reasons stated herein, we find no error in Defendant's conviction but remand for resentencing.

## FACTS

The State's evidence at trial tended to show that "Diane" lived with her two sons, "Charlie" and "Chad," a few houses down from Defendant.[1] On 17 May 2005, Diane discovered pornographic magazines behind a shed in her backyard. Diane asked Charlie what he knew about the magazines, and Charlie told her that he had been given them by Defendant. At that time, Charlie was six years old and Defendant was in his forties. Diane called the police, and a Winston-Salem Police Department officer responded to her call. Charlie told the police officer that Defendant had "touched" him. Thereupon, the Winston-Salem Police Department commenced an investigation.

Detective K.D. Israel was assigned to investigate the case. As part of his investigation, Detective Israel arranged to have Charlie interviewed by Susan Vaughn, a forensic interviewer. During an interview with Ms. Vaughn on 5 July 2005, Charlie told Ms. Vaughn that Defendant had committed two acts of fellatio on him: once in Defendant's garage and once behind the shed in Charlie's backyard. On 7 July 2005, Detective Israel confronted Defendant with Charlie's allegations, but Defendant denied ever inappropriately touching

---

1. Pseudonyms will be used throughout the opinion to protect the child's privacy.

Charlie. On 8 July 2005, Detective Israel interviewed Charlie, and Charlie described two times that Defendant had performed fellatio on him: once in Defendant's garage and once behind the shed. Defendant was subsequently arrested, indicted, and convicted.

## SUFFICIENCY OF THE EVIDENCE

**[1]** Defendant first argues that the trial court erred in denying his motion to dismiss the charge of first-degree sexual offense in case number 05 CRS 58325 because there was insufficient evidence "that a second sexual act of fellatio occurred beyond the one [Defendant] was convicted for in case number 05 CRS 58324." We disagree.

Our standard of review of a trial court's ruling on a motion to dismiss for insufficient evidence " 'is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.' " *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (quoting *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *Scott*, 356 N.C. at 597, 573 S.E.2d at 869 (citing *State v. Mann*, 355 N.C. 294, 560 S.E.2d 776, *cert. denied*, 537 U.S. 1005, 154 L. Ed. 2d 403 (2002)). The evidence must be viewed " 'in the light most favorable to the State, giving the State the benefit of all reasonable inferences.' " *Scott*, 356 N.C. at 596, 573 S.E.2d at 869. (citation omitted). " 'Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.' " *Id.*

Under North Carolina law, a person is guilty of a first-degree sexual offense if the person engages in a "sexual act" with a child under the age of thirteen, the person being at least twelve years old and at least four years older than the child. N.C. Gen. Stat. § 14-27.4(a)(1) (2005); *see also State v. Griffin*, 319 N.C. 429, 355 S.E.2d 474 (1987) (listing the elements of first-degree sexual offense). "Sexual act" is defined as cunnilingus, fellatio, analingus, and anal intercourse, as well as any penetration, however slight, by any object into the genital or anal opening of the child's body. N.C. Gen. Stat. § 14-27.1(4) (2005).

In this case, it is undisputed that at the time of the events in question Charlie was under the age of thirteen and Defendant was at least twelve years old and at least four years older than Charlie. It is similarly undisputed that Defendant performed one act of fellatio on Charlie. Defendant's argument is that there was insufficient evidence of a second act of fellatio.

**STATE v. PRUSH**

[185 N.C. App. 472 (2007)]

At trial, Charlie, then age seven, first testified that Defendant put his mouth on Charlie's penis five times: three times in the woods, once in Defendant's garage, and once behind Charlie's shed:

Q. Okay. We're talking about if anybody—if anybody ever touched you on your private parts, okay?

A. Okay.

Q. Who touched you on your private part?

A. Steve.

Q. And when he touched you, where were you?

A. Woods first.

Q. Okay. And was there a second time?

A. Three times.

Q. So, can we do it one at a time?

A. Yes.

Q. So, the first time [Defendant] touched you, where did it happen?

A. Woods.

. . . .

Q. And . . . when you were in the woods, is that the only thing— well, what did—did [Defendant] touch your front part with?

A. His hand.

Q. And was that the only thing he touched your front part with?

A. No.

Q. What other part of [Defendant] touched your body? Do you remember your body parts?

A. Yes.

. . . .

Q. So—you said he used another part to touch you?

A. Uh-huh.

Q. What part was it?

A. His mouth.

Q. And what did he touch on your body with his mouth?

A. My front part.

. . . .

Q. What else happened in the woods?

A. He touched me on my bottom.

. . . .

Q. So, did all this happen on the first time?

A. No.

Q. When did all of this happen?

A. I forgot.

Q. All right. Did—you said something happened three times?

A. Yes.

Q. Was it the first time this happened?

A. It happened five times.

Q. Okay.

A. It happened three times in the woods and it happened—it happened one time in the garage and one time in the back of my shed.

When asked more particularly about the incident in the garage, however, Charlie contradicted his earlier testimony that Defendant put his mouth on Charlie's penis on that occasion:

Q. And on—on the—in the—in the garage, did all three things happen that you just said?

A. No.

Q. What happened in the garage?

A. He felt my bottom.

. . . .

Q. And anything else happen?

A. He touched my front part.

Q. Okay. And what else happened?

A. That's all.

Likewise, when asked more particularly about the incident behind the shed, Charlie contradicted his earlier testimony that Defendant put his mouth on Charlie's penis on that occasion:

Q. Okay. What happened in the shed—I mean—behind the shed?

A. He touched me in my—in my—he touched me at my front part.

Q. With what?

A. His hands.

Q. Anything else?

A. He rubbed my bottom.

Q. And anything else?

A. That's all.

Finally, Charlie testified as follows:

Q. Now, how many times did [Defendant] put his mouth on your private part?

A. One.

Q. And where did that take place?

A. In the woods.

Q. And how many times did he touch you with his hand on your private part?

A. Three.

Q. And how many times did he touch your bottom with his private—I mean—with his hand?

A. Three.

Q. Okay. But he only touched you with your [sic] mouth at—in the woods?

A. Yes.

Corroborating Charlie's initial testimony,[2] Detective Israel testified, without defense objection, that Charlie told him Defendant had twice performed fellatio on him: once in Defendant's garage and once

---

2. The State's contention that Detective Israel's testimony and the videotaped interview with Ms. Vaughn constitute substantive evidence is without merit. In his instructions to the jury, the trial judge properly limited this evidence to corroborative purposes.

behind Charlie's shed. Again without objection, the State published Ms. Vaughn's videotaped interview with Charlie to the jury in which Charlie stated that Defendant twice performed fellatio on him: once in Defendant's garage and once behind Charlie's shed. Such evidence corroborates Charlie's initial testimony that Defendant performed fellatio on him more than one time. Viewing the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences, and recognizing that contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve, we conclude that the State presented substantial evidence that more than one sexual act occurred. Defendant's argument is overruled.

## SENTENCING

**[2]** In his final argument, Defendant contends that the trial court erred in sentencing him at prior record level V instead of prior record level IV despite Defendant's express stipulation to his prior record level:

> [PROSECUTOR]: . . . Your Honor, for purposes of sentencing, the defendant is a record Level V.
>
> Mr. Ferguson, [defense counsel,] do you wish to stipulate to his level of being a Level V?
>
> MR. FERGUSON: I will stipulate.

Defendant so stipulated after the State introduced Defendant's prior record level worksheet which assigned fourteen points for prior convictions and one point pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(6) (2005) because "all the elements of the present offense are included in any prior offense[.]" Defendant does not now dispute that the trial court correctly assigned fourteen points for prior convictions. *See State v. Alexander*, 359 N.C. 824, 616 S.E.2d 914 (2005) (finding trial court's imposition of felony sentence proper where defense counsel stipulated to defendant's prior record level which was calculated based solely on the existence of one prior conviction). Defendant argues that since the crime of first-degree sexual offense "contains an element not found in any of [Defendant's] prior convictions," the trial court erred in assigning the fifteenth point which, pursuant to N.C. Gen. Stat. § 15A-1340.14(c), increased his prior record level from IV to V. We agree.

"If an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and im-

pose a single judgment for the consolidated offenses." N.C. Gen. Stat. § 15A-1340.15(b) (2005). Such a judgment "shall contain a sentence disposition specified for the class of offense and *prior record level of the most serious offense*[.]" *Id.* (Emphasis added.)

"[T]he court shall determine the prior record level for the offender pursuant to G.S. 15A-1340.14." N.C. Gen. Stat. § 15A-1340.13(b) (2005). "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a) (2005).

Points are assigned as follows:

. . . .

(3) For each prior felony Class E, F, or G conviction, 4 points.

. . . .

(5) For each prior misdemeanor conviction as defined in this subsection, 1 point. . . .

(6) If all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level, 1 point.

N.C. Gen. Stat. § 15A-1340.14(b) (2005). "[I]f an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used" to calculate a prior record level. N.C. Gen. Stat. § 15A-1340.14(d) (2005). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists . . . ." N.C. Gen. Stat. § 15A-1340(f) (2005). Prior convictions shall be proved by, *inter alia*, "[s]tipulation of the parties." N.C. Gen. Stat. § 15A-1340(f)(1) (2005).

In this case, the trial court consolidated the convictions in case number 05 CRS 58324 (first-degree sexual offense, indecent liberties with a child, and disseminating obscenity) and the convictions in case number 05 CRS 58325 (first-degree sexual offense and indecent liberties with a child) for sentencing. The "most serious" offense in each consolidated judgment is first-degree sexual offense, a Class B1 felony. N.C. Gen. Stat. § 14-27.4(b) (2005). Pursuant to N.C. Gen. Stat. § 15A-1340.15(b), then, the trial court was required to sentence Defendant according to his prior record level for that offense.

Under the circumstances of this case, the elements of first-degree sexual offense are (1) the defendant engaged in a sexual act, (2) the victim was at the time of the act twelve years old or less, and (3) the defendant was at that time at least twelve years old and four or more years older than the victim. N.C. Gen. Stat. § 14-27.4(a)(1); *Griffin*, 319 N.C. 429, 355 S.E.2d 474. The prior offenses for which Defendant was assigned points included two misdemeanors and the Class F felonies of indecent liberties with a minor on 11 July 1983, failure to register as a sex offender and felonious restraint on 13 May 1988, and indecent liberties with a minor on 13 July 1988. None of Defendant's prior convictions include all of the elements of first-degree sexual offense. *See, e.g., State v. Fuller*, 166 N.C. App. 548, 603 S.E.2d 569 (2004) (listing elements of indecent liberties with a minor). Thus, the trial court erred in adding the fifteenth point.

In *State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006), this Court held that the determination of whether the elements of an out-of-state criminal offense were substantially similar to the elements of a North Carolina criminal offense " 'does not require the resolution of disputed facts.' " *Id.* at 254, 623 S.E.2d at 604 (quoting *State v. Van Buren*, 98 P.3d 1235, 1241 (Wash. Ct. App. 2004)). Rather, the Court held, such a determination "involves statutory interpretation, which is a question of law." *Id.* at 255, 623 S.E.2d at 604 (citing *Dare County Board of Educ. v. Sakaria*, 127 N.C. App. 585, 492 S.E.2d 369 (1997)). Similarly, the comparison of the elements of two North Carolina criminal offenses does not require the resolution of disputed facts, but is a matter of law. " 'Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate . . . .' " *Id.* at 253, 623 S.E.2d at 603 (quoting *State v. Prevette*, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683, *appeal dismissed and disc. review denied*, 297 N.C. 179, 254 S.E.2d 38 (1979)). Thus, Defendant's stipulation is ineffective in determining whether "all the elements of the present offense are included in any prior offense." This case is remanded for resentencing.

NO ERROR IN TRIAL; REMANDED FOR RESENTENCING.

Chief Judge MARTIN and Judge STEELMAN concur.