STATE OF NORTH CAROLINA
v.
RICKY DALE BAILEY
No. COA08-1328
Court of Appeals of North Carolina.
Filed June 2, 2009
Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.
George B. Currin, for defendant.
MARTIN, Chief Judge.
On 28 September 2004, Ricky Dale Bailey ("defendant"), pursuant to a plea agreement, entered a plea of guilty to charges of second-degree murder, first-degree kidnapping, and misdemeanor violation of a domestic violence protective order. Defendant's plea agreement called for the trial court to sentence defendant to a term of 327 to 402 months imprisonment for the conviction for second-degree murder, a consecutive term of 93 to 121 months imprisonment for the conviction for first-degree kidnapping, and a term of 75 days for the conviction for misdemeanor violation of a domestic violence protective order, to be served concurrently with the sentence imposed for first-degree kidnapping. In return for defendant's plea, the State dismissed the original charge of first-degree murder and an additional charge of breaking into a motor vehicle.
At sentencing, the trial court found defendant to have a prior record level of III based upon five prior record points, including one prior record point assessed after finding that "all of the elements of the present offense are included in [a] prior offense." The trial court entered judgments in accordance with the plea agreement, and sentenced defendant to presumptive terms of imprisonment. Defendant did not file timely notice of appeal from his convictions or sentences. However, on 29 May 2008, this Court allowed defendant's petition for writ of certiorari, filed 9 May 2008, for the purpose of reviewing the judgments, limited to those issues for which defendant has an appeal of right pursuant to N.C. Gen. Stat. § 15A-1444(a2).
Pursuant to N.C. Gen. Stat. § 15A-1444 (2007), a defendant who has pled guilty or no contest may appeal only the following issues:
(1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen. Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.
State v. Carter, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004) (citation omitted). Defendant now argues the trial court improperly sentenced him as having a prior record level of III, rather than II, because it incorrectly found that defendant had five, rather than four, prior record points. Defendant contends the trial court erred in calculating his prior record level when it assessed one point pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(6) on the basis that all of the elements of a present offense are included in a prior offense for which defendant was convicted. Defendant argues that neither of the felony offenses for which he was convicted contain the same elements as any of his prior convictions, and that the trial court's finding violated defendant's rights under Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), because the finding resulted in a sentence that exceeded that "statutory maximum" and must have been found by a jury. Defendant does not contest the trial court's judgment or sentence entered upon his conviction for misdemeanor violation of a domestic violence protective order. In its brief to this Court, the State concedes that the trial court erred in calculating defendant's prior record level, but argues that Blakely does not apply to a trial court's assessment of a prior record point under N.C. Gen. Stat. § 15A-1340.14(b)(6).
This Court has previously held that Blakely does not "preclude a trial court from assigning a point in the calculation of [a defendant's] prior record level where all the elements of the present offense are included in [a] prior offense." State v.Poore, 172 N.C. App. 839, 843, 616 S.E.2d 639, 641_42 (2005) (holding a trial court's assigning of a prior record point under N.C.G.S. § 15A-1340.14(b)(6) "is not something that increases the `statutory maximum' within the meaning of Blakely"). However, we agree with defendant and the State that the trial court improperly assessed the additional prior record point under N.C. Gen. Stat. § 15A-1340.14(b)(6), which resulted in an improper calculation of defendant's prior record level.
"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the [trial] court . . . finds to have been proved in accordance with this section." N.C. Gen. Stat. § 15A-1340.14(a) (2007). Pursuant to N.C.G.S. § 15A-1340.14(b)(6), a trial court may impose one prior record point "[i]f all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level." N.C. Gen. Stat. § 15A-1340.14(b)(6) (2007). This section only applies, however, to sentencing for convictions for felony offenses. Compare N.C. Gen. Stat. § 15A-1340.14 (2007) ("Prior record level for felony sentencing") with N.C. Gen. Stat. § 15A-1340.21 (2007) ("Prior conviction level for misdemeanor sentencing"). The determination of whether all the elements of a present offense are included in any prior offense is a question of law, which we review de novo. See State v. Hyatt, 355 N.C. 642, 653, 566 S.E.2d 61, 69 (2002) (holding a trial court's conclusionsof law are reviewable de novo), cert. denied, 537 U.S. 1133, 154 L. Ed. 2d 823 (2003); State v. Prush, 185 N.C. App. 472, 480, 648 S.E.2d 556, 561 (2007) (holding "the comparison of the elements of two North Carolina criminal offenses does not require the resolution of disputed facts, but is a matter of law"), disc. review denied, 362 N.C. 369, 663 S.E.2d 855 (2008). Generally, where sentencing is in the discretion of the trial court, an error in determining a defendant's prior record level requires this Court to remand the case to the trial court for resentencing. State v. McNeill, 158 N.C. App. 96, 99, 580 S.E.2d 27, 28-29 (2003) (citing State v. Williams, 355 N.C. 501, 565 S.E.2d 609 (2002)).
Here, defendant pled guilty to two felony offenses: second-degree murder and first-degree kidnapping. Defendant has three prior convictions: misdemeanor assault on a law enforcement officer; misdemeanor exploding of a pipe bomb; and misdemeanor violation of a domestic violence protective order. Neither of defendant's instant felony convictions have elements which are included in any of his prior convictions. While defendant did plead guilty to misdemeanor violation of a domestic violence protective order, N.C.G.S. § 15A-1340.14(b)(6) does not apply to the sentencing for convictions of misdemeanors. Thus, the trial court erred in assessing the additional prior record point under N.C.G.S. § 15A-1340.14(b)(6) when it sentenced defendant for his felony convictions. Further, defendant is not bound by his stipulation to the additional prior record point, because the determination of the prior record point under N.C. Gen. Stat. §15A-1340.14(b)(6) is a matter of law to be determined by the trial court. See Prush, 185 N.C. App. at 480, 648 S.E.2d at 561 "Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." Id. (citations and quotations omitted). Similarly, defendant's acceptance of a plea agreement which includes a specific negotiated term of imprisonment is not binding upon him where the agreed-to sentence is not authorized under North Carolina law. State v. Quick, 170 N.C. App. 166, 169, 611 S.E.2d 864, 866 (2005) (remanding for resentencing where the defendant entered a plea of "nolo contendere pursuant to a plea agreement, which provided for a specific sentence at the lowest end of the mitigated range of sentences" but the agreed-to sentence was not authorized by N.C.G.S. § 15A-1340.17 for the class of offense and prior record level).
Without the additional prior record point assessed under N.C.G.S. § 15A-1340.14(b)(6), defendant has four prior record points, which gives him a prior record level of II, rather than III. N.C. Gen. Stat. § 15A-1340.14(c) (2007). Based on its incorrect finding that defendant had a prior record level of III, the trial court sentenced defendant to a presumptive term of 327 to 402 months imprisonment for the conviction for second-degree murder and a consecutive presumptive term of 93 to 121 months imprisonment for the conviction for first-degree kidnapping. Generally, second-degree murder is a Class B2 felony. N.C. Gen. Stat. § 14-17 (2007). However, because defendant committed the murder inviolation of a valid domestic violence protective order, defendant was guilty of committing a Class B1 felony. N.C. Gen. Stat. § 50B-4.1(d) (2007). Accordingly, the trial court's sentence of 327 to 402 months imposed for defendant's conviction for second-degree murder falls in the aggravated range for a defendant convicted of a Class B1 felony with a prior record level of II. N.C. Gen. Stat. § 15A-1340.17(c),(e) (2007). Defendant did not stipulate to the existence of aggravating factors and none were found by the trial court, thus, we must vacate the trial court's judgment entered upon his conviction for second-degree murder and remand for resentencing.
First-degree kidnapping, however, is a Class C felony and the sentence entered upon defendant's kidnapping conviction still falls within the presumptive range for sentencing a defendant upon conviction for a Class C felony. N.C. Gen. Stat. §§ 14-39, 15A-1340.17(c),(e) (2007). Consequently, defendant's sentence for his conviction for first-degree kidnapping is authorized under North Carolina law, and the trial court's error in assessing the additional prior record point did not prejudice defendant. Resentencing is therefore not required for this conviction. See State v. Ledwell, 171 N.C. App. 314, 321, 614 S.E.2d 562, 567 (2005) (holding the defendant was not prejudiced when the trial court incorrectly calculated his prior record level as VI instead of V where the defendant's sentence was within the range for a level V felon). Defendant's assignments of error set forth in therecord on appeal, but not argued in his brief to this Court, are deemed abandoned. N.C. R. App. P. 28(b)(6).
No prejudicial error in part; vacated in part and remanded for resentencing.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).